JOHN H. BAILEY AND GEORGE B. STORM, APPELLEES, *v.* JOHN I. DE GRAFF, APPELLANT, IMPLEADED WITH SEBA MURPHY AND OTHERS.

Upon an appeal from chancery, the jurisdiction of this court is confined to an examination of the errors found in the transcript; and the court cannot assume, as part of the case, facts not appearing in the transcript, though assumed by counsel in the argument, and though, in virtue of a parol admission, they were treated as a part of the case in the court below.

APPEAL from Chancery.   (For a report of the case in that court, see Walk. Ch. R. 424.)   The facts appear in the opinion of the court.

*T. Romeyn,* for the appellant.

*A. D. Fraser,* for the appellees.

WHIPPLE, J., delivered the opinion of the Court.

The object of the bill in this case, was to foreclose a mortgage executed by Murphy and wife, to the President, Directors and Company of the Bank of River Raisin, and which, by assignment, became the property of the complainants.   The bill contains the following, among other averments : " And your orators further show, that they

have caused examinations to be made of the records of deeds and mortgages in the office of the register of the county of Monroe, where the mortgaged premises are situated, and from which said examination it appears, and your orators expressly charge the fact to be, that John I. De Graff, of the city and county of Schenectady, in the state of New York, and Dan B. Miller, of the city of Monroe, and state of Michigan, have, or claim to have some rights or interest in the premises described in said indenture of mortgage, or in some part or parts thereof, as subsequent purchasers, incumbrancers, or otherwise." The bill was taken *pro confesso* against all the defendants except De Graff, who demurred generally. Upon the argument of the demurrer, it was assumed by counsel, that Murphy and wife, subsequent to the execution of the mortgage to the bank, had executed another mortgage to De Graff, conveying the same premises. Upon this state of facts, it was insisted by De Graff that the first mortgage executed to the bank was void, more than six per cent having been reserved by way of interest. This, in fact, was the great question discussed by counsel and decided by the Chancellor. The demurrer having been overruled by the Chancellor, De Graff appealed to this court. An intimation was given to the counsel, after the transcript was read, that the important question they proposed to argue did not arise upon the pleadings before us. Nevertheless, the argument proceeded as though the point had been fully and distinctly raised, in consequence of an understanding between the counsel, that they would interpose no obstacle to a full discussion of the question, which both seemed desirous this court should determine.

A more important question has seldom been presented for our decision; but we are constrained to withhold the expression of any opinion upon the merits of that question, for the obvious reason that it is not, and cannot properly

Bailey *v.* De Graff.

arise, upon the transcript sent up from the Court of Chancery.   In respect to equity jurisdiction, the powers of this court are strictly appellate.   We are confined by the statute conferring jurisdiction on this court in chancery cases, to an examination of the errors that may be assigned or found in the transcript.   To *assume* facts which do not thus appear, would be to exercise *original* as well as appellate jurisdiction.   This the statute never intended to confer upon this court.   In our review of cases brought here by appeal, we are as much bound to confine ourselves to the questions arising upon the transcript, as we would be to confine ourselves to the record, in causes removed to this court by writ of error to the circuit.   We must, therefore, disclaim all power over the question so ably and learnedly argued by counsel, unless that question can be legitimately and properly raised by inspection of the transcript. It appears very clear, that the facts necessary to give this court authority to pass on the question discussed by counsel, do not appear in the transcript, and cannot, therefore, be assigned as error.   By consent, the question was argued in the court below, and decided by the Chancellor. But a valid stipulation thus made by the parties in a court of *original* jurisdiction, with a view to a decision of a question, can have no binding force here; indeed, we could not, if we would, assume the facts to exist as admitted by counsel, without changing the aspect of the case as it appears of record, and exercising a jurisdiction not warranted by law.   This would introduce a practice at once illegal and dangerous.   No error appearing in the decree of the Chancellor, it must, therefore, be affirmed.

*Decree affirmed.*