THE TRAVERSE CITY, KALKASKA & GRAYLING RAIL-ROAD COMPANY v. RICHARD A. SEYMOUR ET AL.

*Condemnation proceedings—Injunction—Certiorari—Return of pro-bate judge—Stenographer's notes—Eminent domain.*

1. While a judge of probate may adopt the stenographer's notes of testimony taken in a condemnation proceeding as his own, and certify the evidence as shown by such notes, he is not obliged to do so, nor can such notes be resorted to for the purpose of impeaching his return.

2. The return of a judge of probate to a writ of *certiorari* sued out by the respondents to review condemnation proceedings, if responsive, and covering the points of error appearing in the affidavit, is *conclusive* upon the respondents and the Court.

3. The Supreme Court has no power to restrain a railroad company from occupying and using land sought to be condemned for a right of way, pending proceedings by *certiorari* to review the condemnation proceedings.

4. It is suggested that the main cause for complaint relied on by respondents depends on the claim that the railroad company seeking to condemn their land is not such a public corporation as is authorized to exercise the right of eminent domain; and that it was held in *Schroeder v. Railway Co.*, 44 Mich. 387, that such a question could not be passed upon by the inferior tribunals vested with the power to entertain condemnation proceedings.

*Certiorari* to probate court of Kalkaska county to review condemnation proceedings.

Respondents applied for an order for an amended return, and for an injunction restraining the railroad company from using the land pending the proceedings. Motion heard June 3, 1890. Denied June 10, 1890. The facts are stated in the opinion.

*App M. Smith*, for motion.

*John C. FitzGerald, contra.*

PER CURIAM. The respondents procured the allowance by this Court, on February 28, 1890, of a writ of *certiorari* to the probate court of Kalkaska county to review certain condemnation proceedings prosecuted by the Traverse City, Kalkaska & Grayling Railroad Company against respondents. A return was made to the writ, and filed in this Court March 21. Not being satisfied with such return, respondents now ask—

1. That the probate judge be required to make an amended return.

2. That until such amended return is made and filed the railroad company may be enjoined from using the land sought to be condemned.

We have examined the original return made to the writ, and think it is as full as is required by the original affidavit upon which the writ issued. Respondents' counsel is mistaken in supposing that it was the duty of the probate judge to return the stenographer's notes of the testimony taken on the hearing. It was his duty to make full return of—

" What took place before him and the jury, and of the evidence so far as necessary to present any question of law upon any point specified in the affidavit." *Roberts v. Commissioners,* 24 Mich. 182, 25 Id. 25.

No doubt he might adopt the stenographer's notes as his own, and certify the evidence as shown by such notes; but he was not bound to do so. The stenographer's notes are not official, nor can the respondents in this proceeding resort to the stenographer's notes for the purpose of impeaching the judge's return. The return, if it is responsive, and covers the points of error appearing in the affidavit, is conclusive upon respondents and upon us. If the return is false, respondents are not without remedy, but the remedy is not to dispute the return. *People v. Leavitt,* 41 Mich. 470; *Matthews v. Supervisors,* 48 Id. 587; *People v. Brown,* 54 Id. 15.

This Court has no power to grant an injunction to restrain the railroad company from occupying and using the land in controversy for its right of way pending these proceedings. The remedy by injunction is strictly an equitable remedy, and this Court has only appellate jurisdiction in equity. *Bank v. Niles,* Walk. Ch. 398; *Bailey v. DeGraff,* 2 Doug. 169.

We venture to call the attention of counsel for respondents to the question of whether or not they are pursuing a proper remedy. We have found it necessary to a determination of this motion to examine carefully the whole record. We are impressed with the idea that the main cause of complaint relied on by the owners of the land depends on the claim that the railroad company seeking to condemn their land in this proceeding is not a public corporation, in the sense required by the Constitution and laws of this State in order to entitle it to exercise the right of eminent domain. This is an important question, and one which the respondents have a right to have passed upon by this Court. But it is one which goes to the corporate existence of the company and its right to exercise an important corporate franchise. It was held in *Schroeder v. Railway Co.,* 44 Mich. 387, that

such questions could not be passed upon by the inferior tribunals vested with power to entertain condemnation proceedings.

We do not intend to intimate an opinion upon the point here suggested, nor to say that there are not other important questions in the case.

The application must be denied.