St. Louis, Alton and Terre Haute Railroad Co. *et al.*

*v.*

The Belleville City Railway Company.

*Filed at Mt. Vernon October 16, 1895.*

1. Evidence—*to establish a de facto corporation.* The introduction of the charter of a corporation, coupled with proof of the exercise under it of the franchises and powers thereby granted, is sufficient to establish the existence of such corporation *de facto.*

2. Same—*burden of proof as to constitutional requirement.* Affirmative proof that a corporation was organized and in operation, as required by the constitution of 1870, within ten days after that took effect, (art. 11, sec. 2,) is not necessary to establish, *prima facie,* the existence of the corporation *de facto,* where the existence of a charter and user thereunder are proven.

3. Condemnation—*not allowed unless there is a change in the use.* To authorize a petitioner to condemn real estate there must be a change in the use of the property—not a mere change of ownership.

4. Appeals and errors—*how far jury's verdict is binding.* A verdict will not be interfered with, on appeal, if there is evidence to sustain it, unless the court can see, from the entire record, that the jury have misconstrued the evidence or have been actuated by passion or prejudice.

Appeal from the County Court of St. Clair county; the Hon. Edward C. Rhoads, Judge, presiding.

Turner & Holder, for appellant the St. Louis, Alton and Terre Haute Railroad Company:

The charter of the Belleville City Railway Company was invalidated by the constitution. Const. art. 11, sec. 2.

The petitioner has no power to condemn land, as appears by a reference to its charter, as is required by the Eminent Domain act. Hurd's Stat. 1893, sec. 2, chap. 47.

To authorize petitioner to condemn, there must be a change in the use of the property, and not a mere change of ownership. Lewis on Eminent Domain, sec. 276; *Railroad Co.* v. *Railroad Co.* 61 Vt. 1; *Railway Co.* v. *Railroad Co.* 152 Ill. 519; *Railroad Co.* v. *Joliet,* 79 id. 25; *Railway Co.* v. *Railway Co.* 81 id. 526; *Railroad Co.* v. *Railroad Co.* 122 id.

473; *Railroad Co.* v. *Institute*, 43 id. 303; *Jones* v. *Railroad Co.* 65 Fed. Rep. 740; *Fidelity Co.* v. *Railroad Co.* 53 id. 687; *Railroad Co.* v. *Long Branch Com.* 39 N. J. 34; 2 Wood on Railroads, 853; *Railroad Co.* v. *Railroad Co.* 87 Ala. 501; *Appeal of Railroad Co.* 129 Pa. St. 529; *Market Co.* v. *Railroad Co.* 142 id. 585; *Matter of Buffalo*, 67 N. Y. 177; *Matter of Boston Railway Co.* 79 id. 64; *Prospect Park* v. *Williamson*, 91 id. 552; *Matter of Mayor of New York*, 135 id. 253; *Pennsylvania Co.'s Appeal*, 3 Am. & Eng. Ry. Cas. 507.

If the property has a special value to the owner it must be made good.    *Iron Works* v. *Railway Co.* 141 Ill. 500.

Dill & Schaefer, for appellant the Tudor Iron Works.

G. & G. A. Koerner, for appellee.

Mr. Justice Bailey delivered the opinion of the court:

This was a petition by the Belleville City Railway Company, against the St. Louis, Alton and Terre Haute Railroad Company and the Tudor Iron Works, to condemn a strip of land embracing one-half acre, in the city of East St. Louis, for its right of way.    The petitioner claims to be a corporation organized under a private act of the General Assembly, entitled "An act incorporating the Belleville City Railway Company," approved February 25, 1867.    By the second section of the act the petitioner was authorized to construct, maintain and operate a single or double track railroad, with all necessary and convenient tracks, turn-outs, side-tracks and appanages, in the city of Belleville, and in, over and along such street or streets, highway or highways, as it might elect, within the then present or future limits of the city of Belleville.    By section 5 it was authorized to extend its railway to any point or points in the county of St. Clair, and was vested with power to enter upon and condemn the lands necessary for its construction and maintenance, in the manner prescribed by an act entitled "An act to amend the law condemning right of way for the purpose

of internal improvement," approved June 22, 1852, and the several acts amendatory thereof, and it was authorized to exercise all the powers conferred upon railroad corporations by an act entitled "An act to provide for a general system of corporations," approved November 3, 1849. Under the provisions of this charter the petitioner is now engaged in building a line of railroad, to be operated by steam power, from Belleville City to the city of East St. Louis, and the condemnation of the land in question, as is claimed, (although that fact does not appear in the petition,) is for the purpose of obtaining a connection with the track of the St. Louis, Alton and Terre Haute Railroad Company.

The land sought to be condemned consists of a strip across a tract of nearly five acres held by the Tudor Iron Works under a lease for a term of years from the St. Louis, Alton and Terre Haute Railroad Company, and it lies across that tract in such a way as to cut off from the residue of the tract a small piece of land containing about half an acre.

The case was tried by a jury, and evidence was adduced by the respective parties as to the value of the land proposed to be taken and as to damages to the land not taken, and the jury, after hearing the evidence and after visiting and inspecting the premises, returned their verdict, by which they fixed the compensation to be paid to the St. Louis, Alton and Terre Haute Railroad Company at $1000 and to the Tudor Iron Works at $900 for the land taken, and by which they assessed the damages to the land not taken, to be paid to the St. Louis, Alton and Terre Haute Railroad Company, at $500, and found that no damages should be paid to the Tudor Iron Works. Upon this verdict judgment was duly entered, and from that judgment both defendants have appealed to this court.

The point is made by both appellants that the petitioner is not shown to have sufficient legal corporate ex-

istence to authorize it to exercise the power of eminent domain. The petitioner read in evidence its charter, and then gave evidence tending to show that it was acting as a corporation and exercising the franchises thereby granted; but it is contended that as there was no evidence showing affirmatively that it was organized and in operation within ten days after the constitution of 1870 took effect, it will be presumed that its charter became void by the force of the provision of that instrument, and that there is therefore no charter in existence by virtue of which the petitioner can claim the position of a corporation *de facto*. In reference to this view we are unable to concur. The rule is a familiar one that the introduction of the charter of a corporation, coupled with proof of the exercise under it of the franchises and powers thereby granted, is sufficient to establish the existence of the corporation *de facto*. If the petitioner failed to become organized and go into operation by the time prescribed by the constitution, it was for the appellants to show that fact, the evidence introduced by the petitioner being sufficient to establish, *prima facie*, the existence of the corporation *de facto*. *Peoria and Pekin Union Railway Co.* v. *Peoria and Farmington Railway Co.* 105 Ill. 110; *Brown* v. *Calumet River Railway Co.* 125 id. 600; *Chicago and Northwestern Railway Co.* v. *Chicago and Evanston Railroad Co.* 112 id. 589; *Ward* v. *Minnesota and Northwestern Railroad Co.* 119 id. 287.

It is next contended that the petitioner should not be allowed to take the property sought to be condemned, for railroad purposes, for the reason that it is already devoted to the same use. The answer to this contention is, that the evidence fails to show that it is now so devoted, but that it is a vacant piece of land, which the defendant railroad company has no present or prospective use for. In point of fact, the railroad company, by lease for ninety-nine years,—of which term seventy-six were unexpired at the commencement of this proceeding,

—has parted with all dominion over it. True, it is claimed by the officers of the company that the building of a track over it, connecting it with the tracks of the Tudor Iron Works, was in contemplation; but the fact remains that it is not in actual use by the railroad company for railroad purposes, but is in the absolute control of a private manufacturing corporation. Under these circumstances, we think the rule sought to be invoked is not applicable. It is true, that where property is already devoted to railroad purposes it can not be condemned by another railroad company for the same purpose. To authorize a petitioner to condemn there must be a change in the use of the property, and not the mere change of ownership; but the property sought to be condemned in this case not being devoted to railroad purposes, we see no obstacle in the way of its condemnation by the petitioner for a purpose of that character.

It is also urged that the compensation and damages awarded by the jury are inadequate and insufficient, and that a re-assessment should have been awarded for that reason. As is not unusual in cases of this character, there was a wide range of estimates by the witnesses as to the value of the property sought to be condemned. Some of the witnesses placed it considerably below the compensation awarded by the jury, while others, and notably the officers of the defendants, placed it very much higher; but when the entire evidence is considered, and taken in connection with the fact that the jury not only saw and heard the witnesses, but also visited and inspected the premises, thus obtaining means of judging of the relative weight to be given to the conflicting testimony of the witnesses with which we are not furnished, we are unable to see that the compensation awarded by the jury for the property taken was not sufficient and adequate.

Substantially the same thing may be said of the award of damages to the property not taken. Several witnesses

were produced who testified that in their opinion there would be no substantial damages, while others were disposed to place their estimate of the damages at a considerable sum. There being evidence to sustain the verdict, we ought not to interfere unless we are able to see, from the entire record, that the jury have misconstrued the evidence or have been actuated by passion or prejudice. It is scarcely necessary to say that nothing of that character appears in this case.

Some other points were made, which we have considered attentively, but which we do not deem of sufficient importance to require separate discussion.

We find no substantial error in the record, and the judgment of the county court must therefore be affirmed.

*Judgment affirmed.*