HINCHMAN *v.* SPAULDING.

137  655
1155  ²560

1. JUSTICES OF THE PEACE — REMOVAL OF CAUSES TO CIRCUIT COURT—TITLE TO LAND.

   Under 2 Comp. Laws, §§ 782–784, providing for transfer to the circuit court of causes begun before justices where the title to land comes in question, a justice does not lose jurisdiction by the filing of a notice and bond and the deposit of a sum not sufficient to pay the accrued costs on a day between the return and adjourned day.

2. CERTIORARI—CONCLUSIVENESS OF RETURN.

   The return of a justice to a writ of certiorari, being responsive, and covering the points of error appearing in the affidavit for certiorari, is conclusive.

Error to Berrien; Coolidge, J.  Submitted June 15, 1904.  (Docket No. 23.)  Decided October 4, 1904.

Trespass quare clausum fregit by George Hinchman against J. Harvey Spaulding.  Plaintiff had judgment in justice's court, and defendant brought certiorari to the circuit court.  The circuit court set aside the judgment of the justice, and plaintiff brings error.  Reversed.

*James O'Hara*, for appellant.

*Gore & Harvey*, for appellee.

MONTGOMERY, J.  Plaintiff brought a suit in trespass in justice's court by summons returnable October 12, 1903. On the return day the parties appeared, and joined issue, and the cause was adjourned until the 19th of October. On the 17th of October the defendant presented to the justice a written plea accompanied by a notice that the title to land would come in question on the trial, at the same time handing to the justice a bond in the sum of $200, signed by himself as principal and Charles F. Parrin as

surety.   At the time the justice gave to the defendant a receipt reading as follows:

"Received of J. Harvey Spaulding for costs of suit and certified transcript of docket to the circuit court up to date, wherein George Hinchman is plaintiff and J. Harvey Spaulding is defendant."

On the adjourned day—October 19th—the defendant did not appear before the justice, and, after waiting one hour, the plaintiff proceeded with his proofs, and the justice pronounced judgment in plaintiff's favor.   Defendant thereupon sued out a writ of certiorari from the circuit court of Berrien county, and upon the coming in of the justice's return the circuit court set aside the judgment of the justice upon certain conditions (of which the plaintiff could not, perhaps, complain).   This judgment of the circuit court is brought before us for review on error.

The rules of law involved are not intricate, nor are they much in dispute.   The statute (1 Comp. Laws, § 782) provides that:

"In every action where the title to land shall in any wise come in question, the defendant may give notice thereof, under the general issue, upon the return day or any adjourned day of such action."

The next section prescribes the requirements of such plea and notice.

Section 784 provides for a bond, to be approved by the justice, and for the payment of plaintiff's costs up to the time, and also $1 for return and $2 entry fee.

If these conditions are complied with, it is made the duty of the justice to certify the case to the circuit; if not, he retains jurisdiction to try the case.   It is to be noted that the plea and notice were not tendered on the return day nor on the adjourned day.   This is not of consequence except in this:   The defendant was not able, nor was the justice, to learn what costs had been incurred by the plaintiff after the adjourned day and prior to the 17th of October.   Undoubtedly, if a sufficient sum had been paid in to cover the costs actually incurred, and had this, together

with an approved bond, been retained by the justice in his possession on the adjourned day, the statute would have been sufficiently complied with.    In this case it appears, however, that the amount of costs tendered was insufficient to cover certain items of disbursement previously properly made by the plaintiff.

The circuit judge was of the opinion that the defendant had the right to rely upon the justice's receipt.   We need not determine whether in any case the defendant might so rely upon an acceptance of a stated sum by a justice, deposited at a time when, in the very nature of things, he would not be better able to fix the amount than would the defendant; for in this case the justice returns that he informed the defendant that he did not know what the costs were, and could not inform him until the adjourned day; that the plaintiff had subpœnaed witnesses; that the defendant insisted upon his taking $5 and giving the receipt above quoted, and that he (the justice) thereupon gave it.   The justice further returns that he repeatedly told defendant to be present on the adjourned day and justify a legal bond; that he did not give defendant to understand that the bond was satisfactory to him, or that he accepted and approved said bond.   This return is conclusive.   *Traverse City, etc., R. Co.* v. *Seymour,* 81 Mich. 378 (45 N. W. 826).   The circuit judge recognized this rule, but evidently was of the opinion that the return, taken as a whole, negatived the statements above referred to.   We are not able to so read the return.

The defendant having failed to comply with the requirements of the statute, the judgment of the circuit court is reversed, and that of the justice affirmed, with costs of all the courts to the plaintiff.

The other Justices concurred.