## MORRISON ET AL. *v.* INDIANAPOLIS & WESTERN RAILWAY COMPANY ET AL.

[No. 20,678.    Filed March 8, 1906.    Mandate modified May 18, 1906.]

1. EMINENT DOMAIN.—*Interurban Railroads.*—*Time for Filing Objections.*—*Statutes.*—*Directory.*—Section 5 of the act of 1905 (Acts 1905, p. 59, §897 Burns 1905), providing that a landowner may file objections to eminent domain proceedings "not later than the first appearance of such defendant," is directory, the trial court's discretion in permitting a subsequent filing being reviewable on appeal.  p. 520.

2. APPEAL AND ERROR.—*Statutes.*—*Time for Filing Objections in Eminent Domain.*—*Waiver.*—Plaintiff waives its right to object, on appeal, to the filing of objections by a landowner under §897 Burns 1905, Acts 1905, p. 59, §5, by failing to object to such filing at the time when made in the trial court.    p. 522.

3. EMINENT DOMAIN. — *Interurban Railroads.*—*Statutes.*—*Preliminary Hearing.*—Section 5 of the act of 1905 (Acts 1905, p. 59, §897 Burns 1905), providing that a landowner may file objections to proceedings in eminent domain, when construed with §§1 and 3 of such act, imports the right to a preliminary hearing on such issues before the appointment of appraisers.  p. 522.

4. PLEADING.—*Complaint.*—*Statutory Cause.*—*Evidence.*—A complaint counting upon a special statute must allege facts substantially bringing plaintiff within the terms thereof; and the evidence must sustain such allegations.    p. 523.

5. EMINENT DOMAIN.—*Interurban Railroads.*—*Statutes.*—*Objections by Landowners.*—*Default.*—Section 5 of the act of 1905 (Acts 1905, p. 59, §897 Burns 1905), giving a landowner a right to object to proceedings in eminent domain, is for the benefit of such landowner; and, unless default is made, he has the right to a preliminary trial on the issues formed by such objections.  p. 524.

6. PLEADING.—*Eminent Domain.*—*Interurban Railroads.*—*Objections.*—Section 5 of the act of 1905 (Acts 1905, p. 59, §897 Burns 1905) providing that any landowner may object (1) to the jurisdiction, (2) to the plaintiff's right to exercise the power of eminent domain, and (3) for any other reason, imports that such objections shall perform the offices of a demurrer and an answer.  p. 525.

7. SAME.—*Eminent Domain.*—*Interurban Railroads.*—*Objections.*—Under §5 of the act of 1905 (Acts 1905, p. 59, §897 Burns

1905) a landowner can set up any objections which go to abate plaintiff's right to eminent domain, or to defeat his right to such action.   p. 526.

8. EMINENT DOMAIN.—*Interurban Railroads.—Corporations.— De Facto.*—A *de facto* interurban railroad company has the right to exercise the power of eminent domain.   p. 527.

9. STATUTES.—*Implied Grants.—Eminent Domain.—Preliminary Trial by Court.*—Under §5 of the act of 1905 (Acts 1905, p. 59, §897 Burns 1905), giving a landowner the right to file objections to a complaint to condemn his lands, a preliminary hearing on such objections by the court is implied; and if such objections are found insufficient, they should be overruled and appraisers appointed.   p. 528.

10. APPEAL AND ERROR. — *Eminent Domain. — Objections.—New Trial.*—The statute (§897 Burns 1905, Acts 1905, p. 59, §5), providing only for a complaint in eminent domain and objections thereto, does not contemplate the filing of a motion for a new trial; and an appeal is taken, without such motion, upon the overruling of the objections.   p. 528.

11. EMINENT DOMAIN.—*Interurban Railroads.—Statutes.—Jury Trial.*—Section 8 of the act of 1905 (Acts 1905, p. 59, §900 Burns 1905), providing that the person aggrieved by the award of the appraisers in eminent domain may file exceptions to such award and thereby obtain a civil trial of such cause, restricts such trial to the issues of benefits and damages formed by such exceptions.   p. 529.

12. CONSTITUTIONAL LAW.—*Eminent Domain.—Due Process of Law.*—The act of 1905 (Acts 1905, p. 59, §893 *et seq.* Burns 1905), prescribing the procedure in eminent domain, is not in violation of the federal or state Constitutions, inhibiting the taking of private property without due process of law.   p. 529.

13. APPEAL AND ERROR.—*Briefs.—Waiver.*—Alleged errors not presented in appellants' brief are waived.   p. 530.

From Superior Court of Marion County (69,185); *Vinson Carter*, Judge.

Proceedings in eminent domain by the Indianapolis & Western Railway Company against Samuel L. J. Morrison and others. From an interlocutory order overruling defendants' objections to the complaint, certain defendants appeal. *Reversed in part and affirmed in part.*

*Charles Martindale* and *R. O. Hawkins*, for appellants. *Taylor, Woods & Willson*, for appellee company.

Morrison *v*. Indianapolis, etc., R. Co.—166 Ind. 511.

JORDAN, J.—This is a special proceeding by appellee company (hereafter called appellee) whereby it seeks to condemn certain lands for a right of way under and in pursuance of an act of the legislature entitled "An act concerning proceedings in the exercise of eminent domain," approved February 27, 1905, and in force April 15, 1905 (Acts 1905, p. 59, §893 *et seq*. Burns 1905).

Appellee, as plaintiff below, on May 25, 1905, filed its complaint in the office of the Superior Court of Marion County, such county being the one in which the lands sought to be appropriated are situated. By the complaint appellants and other landowners were made defendants. Proper notices or summonses were issued by the clerk and were duly served by the sheriff. By these notices they were notified to appear in court June 10, 1905, and show cause why the property described in the complaint should not be condemned. So far as the record discloses, appellants first appeared to the proceedings on June 19, 1905, and at that time filed their written objections to the proceedings under the original complaint. There is nothing in the record to show that appellee, at the time the objections were filed, interposed any protest or objection to their filing. After the filing thereof and on the same day, to wit, June 19, 1905, appellee, by leave of court, filed an amended complaint, and thereupon appellants, by permission of court, renewed and refiled their written objections to the proceedings as presented by said amended complaint. By the latter complaint appellee alleged, among other things, the following: "That the plaintiff, Indianapolis & Western Railway Company, is a street railway corporation, organized pursuant to the laws of the State of Indiana regulating and authorizing the construction, maintenance and operation of street railroads, interurban street railroads and suburban street railroads, and that it was incorporated as a street railroad company for the purpose of constructing, maintaining and operating an interurban street railroad from the city of Indianapolis,

in said county and State, to the town of Danville in Hendricks county; thence to the city of Greencastle in Putnam county; thence to the city of Brazil in Clay county; and to operate its cars thence to the city of Terre Haute in Vigo county in said State." It further alleged that the defendants (appellants herein) are the owners, claimants and holders of liens on the right of way sought to be appropriated. The complaint described the right of way by its termini and alleged that the width thereof varies from twelve to fifty feet, according to the depth of the cut, the height of the fill and the general topography of the country. A particular description of each of the parcels of land sought to be appropriated is set forth in the complaint, and it is alleged therein that the plaintiff had been unable to agree with the owners for the purchase of the lands in question, and prayed for condemnation and appropriation thereof for the use and purpose thereinbefore named and the right of the plaintiff to exercise the power of eminent domain for the use and purpose therein sought. The complaint further prayed for the appointment of appraisers, for the issue of summonses, and for all other relief.

The grounds of the written objections interposed by appellants to the proceedings, under the amended complaint, are the following: (1) That the plaintiff has no right to exercise the power of eminent domain to the extent to which it proposes to appropriate the property of the defendants. (2) That the plaintiff in and by its amended complaint does not state facts which show that it is entitled to exercise the right of eminent domain to the extent proposed and attempted in and by these proceedings. (3) That under the statute under which the plaintiff is incorporated, which constitutes its charter, it is authorized to exercise the right of eminent domain and appropriate so much land only "as may be necessary for the construction, maintenance and operation of its railroads, railroad stations, depots, power-houses, shops, car barns, offices, and lines for transmission of electricity for heat, light and

power;" that the land proposed to be taken in this proceeding is not taken for the site of a station, terminal, power-house, substation, roundhouse, yard, car barn, office building, or any other purpose except for a right of way; that the amended complaint does not state whether the plaintiff's railroad is other than a single-track road, but the defendants are informed and believe and so allege that the plaintiff's railroad is a single-track railroad, and that the right of way necessary for the same is nine feet wide and no more; that the plaintiff in its amended complaint states "that the width of said right of way varies from twelve to fifty feet, according to the depth of the cut, height of the fills and the general topography of the country;" that there are neither cuts nor fills upon the property of the defendants which render it necessary to appropriate fifty feet in width of the lands of the defendants. (4) That the amended complaint herein does not set forth its specific description of the entire tract of land of these defendants, and state whether the same includes the whole or only a part of the entire parcel or tract. (5) That there is no such corporation as that named as plaintiff herein, and said plaintiff has no right to exercise the right of eminent domain. (6) That the act under which said proceedings are had, to wit, Acts 1905, p. 59, §893 et seq. Burns 1905, is in violation of section one of the fourteenth amendment to the Constitution of the United States.

The record shows that appellants demanded that the court accord them a hearing on the issue of facts formed by the averments of the amended complaint and the written objections thereto and demanded the right to introduce testimony upon such issues. This demand the court, over appellants' exceptions and objections, denied, for the reason, as stated by the court, that under the procedure of the statute upon which the action was based it had no power to hear any testimony on any issue of fact raised by appellants' written objections, and thereupon, without any hearing, it overruled said written objections, to which

ruling appellants duly excepted. The court then announced that it would immediately proceed to make an interlocutory order appointing appraisers in said cause.

It appears that appellee's counsel thereupon tendered to the court, for entry in said cause, an interlocutory order and decree which they had previously prepared. To the entering of this or any other interlocutory order in the cause appellants, by counsel, objected for the following reasons: (1) That the plaintiff had not introduced or submitted any evidence in the cause to sustain any of the allegations of the complaint herein; (2) that there is and has been no evidence submitted to the court to sustain any of the facts and allegations alleged in the complaint, nor any evidence to sustain the facts found in the decree and interlocutory order; (3) that no evidence has been submitted to the court, and the court has no knowledge and information upon which and from which the facts found in the decree could be based; (4) that said decree is submitted by the plaintiff and is entered by the court without the introduction or submission of any evidence in the cause by any of the parties thereto. These objections the court overruled and then announced that it would enter said interlocutory order and decree as requested by appellee, which it accordingly did, and the same is the order or decree from which this appeal is prosecuted. After the entry of this decree appellants filed a motion to strike it out, assigning in said motion as a reason therefor that no evidence had been submitted to the court and that, therefore, the court had no jurisdiction to make or enter the interlocutory order in controversy. This motion was overruled, to which appellants excepted. Appeal prayed for and taken as provided by the statute.

The errors assigned for reversal of the interlocutory order in question are: (1) That the court below had no jurisdiction of the subject-matter; (2) that the court below erred in overruling the objections of the appellants to the

proceedings after the filing of the amended complaint; (3) that the court erred in overruling the oral objections of the appellants to the entering of the decree and interlocutory order in this cause; (4) that the court erred in' overruling the motion of the appellants to strike out and reject the decree and interlocutory order entered in said cause; (5) that said proceedings are void and should be set aside and dismissed for the reason that the act under which said proceedings are had, to wit, Acts 1905, p. 59, §893 *et seq.* Burns 1905, is invalid because it is in conflict with section one of the fourteenth amendment to the Constitution of the United States.

The contention of appellants' counsel in the main is that the court denied them, at the preliminary hearing provided for by the statute, the right to be heard on the essential facts relative to appellee's right to condemn and appropriate their lands, as it sought to do under its complaint. The insistence is that, if the construction or interpretation placed upon the statute in question by the court is correct, then the law is in conflict with both the federal and state Constitutions. In fact the questions discussed by the respective parties to this appeal are principally based upon or relative to the proper construction of the statute. It therefore becomes necessary that we refer to the several provisions of the act in question so far as they are material to the proper determination of this appeal.

Section one (§893 Burns 1905), among other things, provides: "Any person, corporation, or other body having the right to exercise the power of eminent domain for any public use, under any statute, existing or hereafter passed, and desiring to exercise such power, shall do so only in the manner provided in this act except as otherwise provided herein. Before proceeding to condemn, such person, corporation or other body, may enter upon any land for the purpose of examining and surveying the property sought to be appropriated or rights sought to be acquired; and

shall make an effort to purchase for the use intended such lands, right of way, easement or other interest therein, or other property or right."

Section two (§894 Burns 1905) provides: "If such person, corporation or other body shall not agree with the owner of the land, or other property or right or with such guardian, touching the damages sustained by such owner, as provided in the last section, the person, corporation or other body so seeking to condemn may file a complaint for that purpose in the office of the clerk of the circuit or superior court of the county where such land or other property or right is situated. Such complaint shall state," etc. (Here follows what the complaint is required to state.)

Section three (§895 Burns 1905) provides that upon the filing of the complaint the clerk shall issue a notice, which shall contain the names of the parties, a general description of the whole property, etc., and require the defendant to appear on a day to be fixed by the plaintiff by indorsement on the complaint *and show cause why the property described should not be condemned as prayed for in the complaint.* (Our italics.)

Section four (§896 Burns 1905) provides: "Upon return of such notice showing service thereof for ten days, or proof of publication for three successive weeks in a weekly newspaper of general circulation, * * * the last publication to be five days before the day set for the hearing, * * * the court or judge in vacation being satisfied of the regularity of the proceedings, and the right of the plaintiff to exercise the power of eminent domain for the use sought, shall appoint three disinterested freeholders of the county to assess the damages, or the benefits and damages, as the case may be, which the owner or owners severally may sustain, or be entitled to, by reason of said appropriation."

Section five (§897 Burns 1905) reads as follows: "Any defendant may object to such proceeding on the ground

that the court has no jurisdiction either of the subject-matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections. Such objections shall be in writing, separately stated and numbered, and shall be filed not later than the first appearance of such defendant; and no pleadings other than the complaint and such statement of objections shall be allowed in such cause, except the answer provided for in section eight of this act: Provided, that amendments to pleadings may be made upon leave of court. If any such objection shall be sustained, the plaintiff may amend his complaint or may appeal to the Supreme or Appellate Court from such decision, as and in the manner that appeals are taken from final judgments in civil actions, of which appeal all the parties shall take notice and by which they shall be bound. But if such objections are overruled the court, or judge, shall appoint appraisers as provided for in this act; and from such interlocutory order overruling such objections and appointing appraisers such defendants, or any of them, may appeal to the Supreme or Appellate Court from such decisions as and in the manner that appeals are taken from final judgments in civil actions, upon filing with the clerk of such court a bond with such penalty as the court, or judge, shall fix, with sufficient surety, payable to the plaintiff, conditioned for the diligent prosecution of such appeal and for the payment of the judgment and costs which may be affirmed and adjudged against the appellants. Such appeal bond shall be filed within ten days after the appointment of such appraisers. All the parties shall take notice of and be bound by such appeal. The transcript shall be filed in the office of the Clerk of the Supreme Court within thirty days after the filing of the appeal bond. Such appeal shall not stay proceedings in such cause."

Section six (§898 Burns 1905) prescribes the oath to be taken by the appraisers and the manner in which they shall determine and report upon the assessment of damages.

Section seven (§899 Burns 1905) provides that if the plaintiff shall pay to the clerk of such court the amount of damages thus assessed, "it shall be lawful for such plaintiff to take possession of and hold the interest in the lands so appropriated for the uses sought in such complaint subject to the appeal provided for in section five of this act, but the amount of such benefits or damages shall be subject to review as provided in the next section."

Section eight (§900 Burns 1905) is as follows: "Any party to such action aggrieved by the assessment of benefits or damages, may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court if in session, within ten days after the filing of such report, and the cause shall further proceed to issue, trial and judgment as in civil actions; the court may make such further orders, and render such findings and judgments as may seem just. Such judgment as to benefits or damages shall be appealable by either party as in civil actions to the Appellate or Supreme Court."

At this point we are confronted with the insistence of appellee's counsel that the clause of section five which provides that the written objections shall be filed not

1. later than the first appearance of such defendant is mandatory and wholly deprives or prohibits the filing of such objections at a subsequent day. Therefore, it is contended that as appellants did not file their objections on the day they were notified to appear, their subsequent filing was unwarranted, and they are in the same position as if they had filed no objection whatever, and consequently cannot be heard upon the question that they seek to present in this appeal.

It is not clear whether the clause "first appearance of such defendant" contemplates or intends the day upon

which he, under the notice given, is required to appear, or the day on which he actually does appear. Conceding, however, without deciding, that thereby the legislature meant or intended the day on which he is required first to appear in response to the notice, we pass to a consideration of the proposition advanced by appellee's counsel. As hereinbefore stated, appellants were summoned to appear on June 10, 1905, and show cause why their property should not be appropriated by the plaintiff; but whether they appeared on that day, the record is silent, and, so far as shown, their first appearance was on June 19, 1905, on which day they appeared before the court and were permitted to file their written objections to the proceedings without any objections' being interposed to such filing on the part of the appellee.

Passing to the question, then, as raised by appellee's counsel, does the clause of the statute in controversy require not only the filing of the objections upon the first appearance of defendant, but does it prohibit their filing at a subsequent day and thereby deprive the court of the exercise of any discretion in extending the time of their filing? It is manifest that the purpose or object of the legislature in exacting that the written objections of the defendant in the proceedings should be filed not later than his first appearance was for the benefit of the plaintiff in such action, as it thereby enables him to secure an early preliminary hearing therein. That it should be construed as merely directory and that it does not strip the court of its discretionary power on a proper and sufficient showing on the part of the defendant, or upon the consent of the plaintiff to grant or permit an extension of the time beyond the day of the defendant's first appearance for filing his objections to the proceedings, is well settled by the authorities. *Martin* v. *Pifer* (1884), 96 Ind. 245, and cases there cited; *Smith* v. *Uhler* (1884), 99 Ind. 140; *Wampler* v. *State, ex rel.* (1897), 148 Ind. 557, 38 L. R. A. 829; *Custer* v.

*Holler* (1903), 160 Ind. 505, and authorities cited. Of course the exercise by the court of its legal discretion in granting an extension of the time for filing such objections will be open to review on appeal. It follows from the interpretation which we accord to the clause in question that appellee must be considered as having waived all questions in regard to the time at which appellants filed their written objection by reason of its failure in any manner to object to the filing thereof on the ground that they were not seasonably made. Elliott, App. Proc., §674.

The theory of appellee upon the cardinal question herein involved, and the one which, as we are advised, was adopted by the lower court in justifying its denial of appellants' right to challenge the proceedings or to controvert the facts set up in the complaint before it awarded the interlocutory order appointing the appraisers, was that the written objections authorized by section five merely performed the office of a demurrer as in actions under the civil code. That as this section makes no provision for the trial of an issue or fact raised by the written objections, the legislature therefore intended that the objections should be wholly addressed or directed to the face of the complaint in like manner as a demurrer in other actions. It is insisted that this interpretation or construction of the statute by the lower court did not deprive appellants of any of their substantial rights, because section eight provides for a trial of any and all issues of facts, before final judgment is rendered. We are unable to concur in this view of appellee's counsel; but, on the contrary, we are of the opinion that the legislature, by the provisions of section five, intended that there should be what may be termed a preliminary hearing by which the landowner might controvert the right of the plaintiff in the proceedings to condemn and appropriate his lands and therefore have all such questions determined and disposed of by the

judge in vacation, or the court in term time, as the case might be, before making the interlocutory order appointing appraisers to assess damages.

In the language of the notice or summons provided by section three, such owner is required to appear on the day fixed and show cause why his property should not be condemned, as prayed for in the complaint. At what time, then, and by what method, is he required to show cause in opposition to the plaintiff's asserted right to condemn his lands under the proceedings? The answer to this must be: at the time he is required to appear before the judge or court, and by the method or procedure prescribed by section five, namely, by filing his written objections. By entering an interlocutory order or decree the court or judge thereby determines the legal right of the plaintiff to appropriate the property of the landowner for the purpose or use set out or assigned in the complaint.

As asserted at the very threshold of this opinion, this case is a special proceeding by appellee to avail itself of a statutory remedy, and therefore, under a well-settled 4. rule, it must, by the allegations of the complaint, bring itself substantially within the provisions of the statute upon which it relies, and the proof upon the hearing must sustain the essential facts as alleged. *Board, etc.,* v. *Jarnecke* (1905), 164 Ind. 658, and authorities cited.

It will be noted that the first section of the statute in controversy provides that any person, corporation, or other body having the right to exercise the power of eminent domain for any public use, under any existing statute, before proceeding to condemn, "shall make an effort to purchase for the use intended such lands, right of way," etc. It is apparent, then, that among the essential facts which constitute the very foundation of the proceeding at bar were that the plaintiff is a corporation which, under a statute of this State, was invested with the right to exer-

cise the power of eminent domain and that it had as a condition precedent made an effort to purchase the property which it sought to condemn for the use intended. These facts, at least, the appellee was required to establish as preliminary to its right to demand that the court make an interlocutory order appointing appraisers. That the statute in controversy contemplates or intends that all preliminary questions shall be determined and settled by the judge or court before the appointment of appraisers, or any proceeding had, fixing or assessing the landowner's damages, fully accords with the policy of law and sound reason, and is manifestly what the legislature intended under the provisions of section five. *Cincinnati, etc., R. Co.* v. *McFarland* (1864), 22 Ind. 459; *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co.* (1889), 116 Ind. 578; *Great Western, etc., Oil Co.* v. *Hawkins* (1903), 30 Ind. App. 557, and cases there cited; *O'Hare* v. *Chicago, etc., R. Co.* (1891), 139 Ill. 151, 28 N. E. 923; 15 Cyc. Law and Proc., 814, 864; 7 Ency. Pl. and Pr., 532.

It may be said that this provision of the statute, providing for a preliminary hearing in order to determine and settle all questions in respect to the right of the plaintiff to condemn before appointing appraisers, was for the better protection of the property owner, and his right to appear at such hearing and fully controvert or challenge the right of the plaintiff to condemn should not be disregarded, unless required by the very language of the statute. *Lake Shore, etc., R. Co.* v. *Cincinnati, etc., R. Co., supra.* In the proceedings at bar, had appellants failed to appear and interpose any objections to the proceedings, then, under such circumstances, the court could, under section four, have treated the complaint as admitted, as in the case of a default, and if satisfied of the regularity of the proceedings and the right of appellee to exercise the power of eminent domain for the use sought might then

have proceeded to enter an interlocutory order appointing appraisers.

The language of section five is that "any defendant may object to such proceeding on the ground that the court has no jurisdiction either of the subject-matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objection." It is exacted that these objections be in writing and shall be separately stated and numbered. The language "for any other reason disclosed in the complaint or set up in such objection" compels the conclusion that the written objections as prescribed are of a dual character and are intended to serve the purpose of a demurrer and also of a plea or answer. It is evident that, so far as they are directed or addressed to the face of the complaint, they perform the office of a demurrer and thereby raise an issue of law upon the facts alleged, or disclosed by the complaint. When the written objections are addressed to the complaint, it is manifestly intended that the defendant should thereby point out or assign the particular reason or reasons for which it is claimed that the pleading is infirm or vulnerable.

Had the provision of section five, namely, "or for any other reason disclosed by the complaint," ended with the latter word instead of proceeding to declare "or set up in such objections," then there might be room for appellee's contention that the written objections provided for merely take the place of a demurrer in ordinary actions and were not intended to be employed in any other manner. As previously asserted, the plaintiff, under the statute in question, must by the facts alleged in his complaint show that he is entitled to the right which he seeks to secure. If the complaint shows that the court in which the action is instituted has no jurisdiction of the subject-matter, or that, by reason of the absence of averments therein of material facts, it

may be said then that the pleading disclosed upon its face that the plaintiff is not entitled to maintain the action and obtain the right which he seeks, or if for any other reason the complaint is defective or so insufficient in facts or infirm that it does not establish the rights of the plaintiff in the premises, then upon such grounds or reasons the defendant may successfully challenge the pleading under his written objection.

Section five, as we have seen, after stating the reasons or grounds upon which a defendant may object to matters disclosed on the face of the complaint, further declares, "or for any other reason  *  *  *  set up in such objections." This provision is in harmony with the authorities which affirm that in a proceeding to condemn and appropriate property under the law of eminent domain, the defendant may, by a proper pleading, interpose objections which exist in point of fact, but do not appear upon the face of the petition or complaint. 15 Cyc. Law and Proc., 866.

Certainly it cannot be said this latter clause applies alone to the complaint, and is intended to call in question infirmities apparent upon the face thereof, for the grounds or reasons that such objections have been fully covered or provided for by the provision immediately preceding the one in question. Manifestly the object or purpose of the latter provision is intended to perform the office not of a demurrer, but of a plea or answer, by permitting the defendant to traverse the complaint by setting up facts which will be sufficient to abate the action or to break down or defeat the right of the plaintiff to condemn and appropriate the property in question. To this extent it may be said that the written objections tender an issue of fact which must be determined at the preliminary hearing, not by a jury, but by the judge or court before whom the proceedings are pending.

As disclosed, appellants, by their written objections, being the only pleading provided by the statute for that

purpose, challenged the corporate existence of appellee and its right to exercise the power of eminent domain for the uses intended. Its corporate existence, therefore, being assailed or called in question, it, under the circumstances, was required to show at the hearing that it was either a *de jure* or a *de facto* corporation. While there is a conflict in authorities upon the question as to whether a corporation which is such only *de facto* may maintain condemnation proceedings under the law of eminent domain, nevertheless the great trend thereof affirms that it can. This rule accords with our judgment, and to it we accordingly adhere. As supporting the rule, see the following authorities. *Aurora, etc., R. Co.* v. *City of Lawrenceburgh* (1877), 56 Ind. 80; *Aurora, etc., R. Co.* v. *Miller* (1877), 56 Ind. 88; 3 Elliott, Railroads, §957; 15 Cyc. Law and Proc., 867, 868; *Niemeyer* v. *Little Rock, etc., Railway* (1884), 43 Ark. 111; *Spring Valley Water Works* v. *San Francisco* (1863), 22 Cal. 434; *Union Pac. R. Co.* v. *Colorado Postal, etc., Co.* (1902), 30 Colo. 133, 69 Pac. 564, 97 Am. St. 106; *Brown* v. *Calumet River R. Co.* (1888), 125 Ill. 600, 18 N. E. 283; *St. Louis, etc., R. Co.* v. *Belleville City R. Co.* (1895), 158 Ill. 390, 41 N. E. 916; *Reisner* v. *Strong* (1880), 24 Kan. 410; *Portland, etc., Turnpike Co.* v. *Bobb* (1889), 88 Ky. 226, 10 S. W. 794; *Briggs* v. *Cape Cod, etc., Co.* (1884), 137 Mass. 71; *Schroeder* v. *Detroit, etc., R. Co.* (1880), 44 Mich. 387, 6 N. W. 872; *Traverse City, etc., R. Co.* v. *Seymour* (1890), 81 Mich. 378, 45 N. W. 826; *In re Minneapolis, etc., R. Co.* (1887), 36 Minn. 481, 32 N. W. 556; *National Docks R. Co.* v. *Central R. Co.* (1880), 32 N. J. Eq. 755, and cases cited; *Wellington, etc., R. Co.* v. *Cashie, etc., Lumber Co.* (1894), 114 N. C. 690, 19 S. E. 646; *Farnham* v. *Delaware, etc., Canal Co.* (1869), 61 Pa. St. 265, 271; *Postal Tel. Cable Co.* v. *Oregon, etc., R. Co.* (1901), 23 Utah 474, 65 Pac. 735, 90 Am. St. 705; *Oregon, etc., R. Co.* v. *Postal Tel. Cable Co.* (1901), 111

Fed. 842, 49 C. C. A. 663; 10 Am. and Eng. Ency. Law, 1059; Mills, Eminent Domain (2d ed.), §61; 2 Lewis, Eminent Domain (2d ed.), §391.

So far as appellants, under their written objections, may have raised any issue of fact or facts, they were entitled to be heard thereon, for the statute, as we interpret it, having given appellants the right to raise issues of fact by their written objections, certainly intended or contemplated that a hearing should be had before the court or judge on such issue. The principle is well settled that where a power or right is given or conferred by a statute, everything necessary to carry out the purpose of such right or power, and make it effectual and complete, will be implied. *Conn* v. *Board, etc.* (1898), 151 Ind. 517, and authorities there cited. If at the preliminary hearing, therefore, upon the question of facts as raised, the court or judge, after considering the evidence of the respective parties, both pro and con, is satisfied of the regularity of the proceeding and that the facts alleged in the complaint, which entitled the plaintiff to exercise the power of eminent domain by condemning and appropriating defendant's property for the use intended, are sustained, then under such circumstances the objections of the defendant upon the issue of facts should be overruled and the interlocutory order appointing appraisers should be awarded. From this order or decree defendant is awarded an appeal to a higher court, where, by proper assignment of error, he may have all questions reviewed which were presented below by his objection to the complaint or which arose at the preliminary hearing upon issue of facts.

The statute, in section five, provides that no pleading other than the complaint, and such statements of objections shall be allowed in the cause, except the answer provided for in section eight. In addition to providing the remedy, it also provides the plead-

ings to be employed by the parties and the procedure that may be had therein. It contains no provision in respect to a motion for a new trial in order to present for review any question growing out of the rulings or decisions of the judge or court at the preliminary hearing and evidently no such motion is contemplated or intended in respect to such hearing.

Counsels' contention that section eight (§900 Burns 1905) instead of section five (§897 Burns 1901) provides for the determination of all questions of fact, either preliminary or otherwise, is evidently untenable. It will be noted that section eight provides that "any party to such action aggrieved by the assessment of benefits or damages, may file written exceptions thereto, * * * and the cause shall further proceed to issue, trial and judgment as in civil actions. * * * Such judgment as to benefits and damages shall be appealable by either party as in civil actions," etc. Upon what issue or issues is the cause to proceed to further trial and judgment as provided by this section? Certainly not on the issue tendered by the facts alleged in the complaint, but upon those joined and raised by the report of the appraisers as to the benefits and damages assessed and the exceptions filed thereto by the aggrieved party. From this final judgment determining the question of damages or benefits either party, as provided, may appeal to the Appellate or Supreme Court.

The consideration of section eight fully sustains our view that all the questions other than those pertaining to the assessment of benefits and damages were intended to be heard, determined and settled at the preliminary hearing. Under the construction or interpretation which we accord to the statute in controversy, appellants' contention in regard to its being in conflict with both the state and federal Constitutions is wholly unsupported and untenable.

State, *ex rel.*, *v.* Wimer—166 Ind. 530.

No objections are pointed out or urged by appellants in regard to the sufficiency of the complaint, hence for this reason any question relative to its sufficiency must be considered and held as waived. For the error of the court in denying a preliminary hearing on the questions of fact, the interlocutory decree herein is reversed and set aside, so far only as it affects each and all of the appellants herein; but as to all other parties affected thereby and in all other respects said decree shall remain in full force and effect. The cause is ordered to be remanded to the lower court for further proceedings not inconsistent with this opinion and mandate.