In the matter of the Petition of MIKE RABBITT, *for a Writ of Habeas Corpus.*

CASE, *Followed.* The principles enunciated and decided in *In re Short, Petitioner,* ante, p. 250, control the decision in this case.

### Original Proceeding in Habeas Corpus.

THE opinion herein, filed November 7, 1891, states the material facts.

*T. A. Pollock,* for petitioner.

*Henry McGrew,* county attorney, and *Morse, King & Morse,* for respondent.

*Per Curiam:* This is an application in this court for a writ of *habeas corpus* on the part of Mike Rabbitt, who claims that he is unlawfully restrained of his liberty in pursuance of a judgment rendered by a justice of the peace of Kansas City, Kas., sentencing him to imprisonment in the county jail of Wyandotte county for the period of three months for the offense of unlawfully carrying a deadly weapon. The only ground upon which it is claimed that the imprisonment is unlawful is that there is no such city or township as that of Kansas City, Kas., and this for the reason that the statute under which the city was organized is unconstitutional and void, and therefore it is claimed that there can be no such officer as justice of the peace of such city or township, and therefore that the judgment or sentence under which the applicant is restrained of his liberty is absolutely void. We think the principles enunciated and decided in the two cases of *In re Short* and *In re Cross,* ante., p. 250, will control the decision in this case. See also the authorities therein cited. Kansas City is a city and township *de facto,* if not *de jure.* It is now acting under valid statutes and valid laws — acts relating to cities of the first class — and the question of its

legal organization or legal existence cannot be raised in this manner.

The application for the writ of *habeas corpus* will be denied.

*Per Curiam:* The case of *In re* JAMES WILLIAMS, *Petitioner*, is decided adversely to the petitioner upon the foregoing authority of *In re Rabbitt.*