# DARROW *v.* CHICAGO, LAKE SHORE & SOUTH BEND RAILROAD COMPANY.

[No. 20,979. Filed October 11, 1907.]

1.  JUDGMENT.—*Collateral Attack.—Eminent Domain.—Appeal from Award.—Dismissal.—*A judgment of the circuit court dismissing a railroad company's eminent domain proceeding, after payment of the award to the clerk and an appeal by the landowner, is not void, and cannot be collaterally attacked even if erroneous, the court having jurisdiction of the parties and of the subject-matter. p. 101.
2.  STATUTES.—*Construction.—Eminent Domain.—*Statutes author-izing the exercise of the power of eminent domain should be strictly construed; but this does not necessarily mean a literal and exact compliance. p. 102.
3.  OFFICERS.—*Courts.—Clerks.—Records.—*Clerks of the circuit and superior courts are the legal custodians of the court records

and papers, and the same are a part of the records and files of their offices. p. 102.

4. EMINENT DOMAIN.—*Appraisers.—Filing of Petition.—Statutes.—* A complaint in an eminent domain proceeding, filed in open court, is sufficient, although the statute (§930 Burns 1908, Acts 1905, p. 59, §2) provides that such complaint shall be filed with the clerk of the circuit or superior court. p. 103.

5. SAME.—*Parties.—Husband and Wife.—*The husband need not necessarily be joined as a party to a proceeding by a railroad company to condemn the wife's lands, since an assessment of damages in favor of one interested party does not foreclose the rights of another interested party. p. 103.

6. PLEADING.—*Defective Parties.—How Questioned.—*To raise any question as to defect of parties, the objection, whether the defect appear on the face of the complaint or be raised by answer, must specifically point out the defect and designate the proper parties. p. 103.

7. SAME.—*Complaint.—Eminent Domain.—Description of Lands.—* A complaint for the condemnation of lands, which describes such lands in such a manner that a person skilled in the business could locate them, is sufficient. p. 104.

8. SAME.—*Complaint.—Eminent Domain.—Description of Lands.— Amendments.—*The description of the lands, in a complaint in eminent domain, may be amended upon motion and leave at any time, even after verdict. p. 104.

9. NEW TRIAL.—*Eminent Domain.—Interlocutory Order Appointing Appraisers.—*A motion for a new trial is not authorized or contemplated in presenting for review any ruling or decision at the preliminary hearing for the appointment of appraisers in an eminent domain proceeding. p. 104.

From Laporte Circuit Court; *John C. Richter,* Judge.

Eminent domain proceeding by the Chicago, Lake Shore & South Bend Railroad Company, against Mattie Darrow. From an interlocutory order appointing appraisers, defendant appeals. *Affirmed.*

*H. W. Worden* and *William Crabill,* for appellant.

*F. J. Lewis Meyer,* for appellee.

MONKS, J.—This proceeding was brought by appellee under the act of 1905 (Acts 1905, p. 59, §929 *et seq.* Burns 1908), to condemn a right of way for an electric railroad. Appellant filed objections to this proceeding, under section five of said act, which were, in substance, as follows: (1)

That before the commencement of this proceeding appellee commenced a proceeding in the Laporte Circuit Court to condemn a right of way across appellant's said real estate on a different route from that described in the complaint in this proceeding, and that such proceedings were had in said cause that appellant excepted to the award in said cause, on the ground that the amount of damages was insufficient, and said cause is now pending in said court upon the question of the amount of said award; "that said right of way has not been abandoned, changed, or relocated in any manner, or in any manner known or recognized by law;" (2) that the complaint was not filed in the office of the clerk of the Laporte Circuit Court as required by section two of said act; (3) that the court has no jurisdiction over the defendant, for the reason that these proceedings were not instituted according to law; (4) that the complaint was insufficient, for the reason that the description of said real estate sought to be taken is so indefinite and uncertain that it is void.

The court below heard the evidence and made an interlocutory order appointing appraisers, from which order this appeal was taken.

The evidence given at the hearing for the appointment of appraisers in this cause showed that the allegations of appellant's first written objection, as set out in this opinion, concerning the former proceeding to condemn a right of way across appellant's said real estate, was true, but that the court in which said proceedings were pending dismissed the same on motion of appellee, over the objection of appellant, on the day this proceeding was commenced.

Appellant insists that the court erred in dismissing said former proceeding, because her right to the money

1. paid in and appellee's right to the right of way had become vested, citing 7 Ency. Pl. and Pr., 674, 675, and notes.

Whether appellant's rights had become vested under the

former proceeding we need not determine, for the reason
that the court, in rendering judgment dismissing said pro-
ceeding on the motion of appellee over the objection of ap-
pellant, adjudged that the rights of the parties had not
become vested, and the same is not subject to collateral at-
tack in this action unless said judgment was absolutely
void. *Williams* v. *Hert* (1901), 157 Ind. 211, 212, 87 Am.
St. 203, and cases cited; *Lee* v. *McClelland* (1901), 157
Ind. 84, 89. The record shows that the court in which said
proceedings were pending had jurisdiction of the subject-
matter and of the parties, and it follows that the judgment,
even if erroneous, was not void. *Gillespie* v. *Rump* (1904),
163 Ind. 457, 469, and cases cited.

Said judgment of dismissal is therefore binding upon ap-
pellant until reversed or set aside in some way known to
the law, and cannot be collaterally attacked in this proceed-
ing.

Section two of the act of 1905 (Acts 1905, p. 59, §930
Burns 1908), provides that the person, corporation or other
body so seeking to condemn may file a complaint for that
purpose in the office of the clerk of the circuit or superior
court of the county where such land is situated.

The second objection of appellant, above set out, proceeds
upon the theory that the court was without authority to ap-
point appraisers, because the complaint in this proceeding
was filed in open court, and not in the clerk's office as re-
quired by said section two.

It is true that statutes authorizing the taking of private
property for public use, must be strictly complied with,
but this "does not necessarily mean a literal and
2.   exact compliance." Lewis, Eminent Domain (2d
ed.), §§253, 254; 15 Cyc. Law and Proc., 815, 831.
In this State the clerks of the circuit and superior courts
are the legal custodians of all the records of such
3.   courts and all the papers filed therein, and the same
are a part of the records and files of their offices,

7 Cyc. Law and Proc., 196; 6 Am. and Eng. Ency. Law (2d ed.), 133.

It is clear that the filing of said complaint in open court was in effect a filing in the office of the clerk of said court, and therefore a compliance with the requirements of said section two.

Under the third objection before set out—"that the court had no jurisdiction over the defendant, for the reason. that the proceedings were not instituted according to law"—appellant insists that the evidence showed that she is a married woman, and that therefore her husband is a necessary party to the proceeding, because section two of the act of 1905, *supra,* requires that all parties having an interest in the property be made parties.

It is not necessary to the jurisdiction of the court that all persons interested in the property be made parties, but damages may be assessed to persons made parties, and they cannot complain of the failure to bring in other interested parties. *Dowie* v. *Chicago, etc., R. Co.* (1905), 214 Ill. 49, 51, 52, 73 N. E. 354, and cases cited; 5 Current Law, 1122; 15 Cyc. Law and Proc., 840, 841. Moreover said objection is too general to raise the question of a defect of parties. An objection for defect of parties, whether apparent on the face of the complaint, or raised by answer presenting an issue of fact, must specifically point out the defect and designate the proper parties, or the same is insufficient and the objection is waived. *Kelley* v. *Love* (1871), 35 Ind. 106; *State, ex rel.,* v. *McClelland* (1894), 138 Ind. 395, 398, 399, and cases cited; *Boseker* v. *Chamberlain* (1903), 160 Ind. 114, 118; 1 Ency. Pl. and Pr., 17, 18. It follows that the question whether appellant's husband should have been made a party defendant in this proceeding was not presented by any objection filed in the court below, and the same was therefore waived and will not be decided by this court.

We shall now consider the objection that the descrip-

tion of the real estate contained in the complaint is void on account of being indefinite and uncertain. The act of 1905 only requires that the real estate sought to be appropriated be described. It was not necessary therefore to describe in the complaint any part of appellant's land except that which appellee sought to appropriate. 15 Cyc. Law and Proc., 857. It is not the office of a description to identify the land, but to furnish the means of identification. *Edens* v. *Miller* (1897), 147 Ind. 208, 211, and cases cited. The description of real estate in a complaint in a case like this is sufficient if it will enable one skilled in such matters to locate it. *Clift* v. *Brown* (1884), 95 Ind. 53, 57; *Conaway* v. *Ascherman* (1884), 94 Ind. 187, 189, and cases cited; *Adams* v. *Harrington* (1888), 114 Ind. 66, 72; *Corey* v. *Swagger* (1881), 74 Ind. 211, 212, 213, and cases cited; 15 Cyc. Law and Proc., 856, 857. It is clear from the authorities cited that the description of appellant's land sought to be appropriated was sufficient.

Besides, section five of the act of 1905, *supra,* provides that pleadings may be amended upon leave of court. The trial court therefore has full power to allow the complaint to be amended in this case as to the description of the real estate, if incorrect, indefinite or uncertain, even after verdict. 15 Cyc. Law and Proc., 859, 860. *Hunt* v. *New York, etc., R. Co.* (1885), 99 Ind. 593.

Appellant filed a motion for a new trial, which was overruled by the court, and this ruling of the court is assigned for error. This assignment of error presents no question, for the reason that a motion for a new trial is not authorized or contemplated to present for review any ruling or decision of the court or judge at the preliminary hearing for the appointment of appraisers. *Morrison* v. *Indianapolis, etc., R. Co.* (1905), 166 Ind. 511, 528, 529.

Finding no available error, the interlocutory order appointing appraisers is affirmed.