KOSCUISKO COUNTY RURAL ELECTRIC MEMBERSHIP CORPORATION, INC. *v*. NORTHERN INDIANA PUBLIC SERVICE COMPANY.

[No. 31,066. Filed October 3, 1967.]

*George M. Bowser,* of Warsaw, *David S. Richey* and *W. H. Parr, Jr.,* both of Lebanon, and *Widaman, Bowser, Widaman*

& Reed, of Warsaw, *Parr, Richey, Obremskey & Pedersen,* of Lebanon, *Cadick, Burns, Duck & Neighbours,* of Indianapolis, *Shake & Lewis,* of Vincennes, *Bob Good,* of Shelbyville, *Carlson, Lesh, Spencer, Matherny & McIntosh,* of Huntington, *Stevens, Wampler, Travis & Feagler,* of Plymouth, *Don Hubert Wickens,* of Greensburg, *Hays, O'Bannon & Funk,* of Corydon, *Bussell & Wolf,* of Greenfield, *Charles B. Kemmer,* of Lafayette, *Nordhoff & Nordhoff,* of Jasper, *Lewis N. Mullin, of* Delphi, *Hastings & Allen,* of Washington, and *Ralph Zoercher,* of Tell City, of Counsel, for Appellant.

*Von E. Livingston* and *David B. Keller,* both of Fort Wayne, for Amicus Curiae Indiana & Michigan Electric Company.

*Ralph W. Husted* and *Jerry P. Belknap,* both of Indianapolis, for Amicus Curiae Indianapolis Power & Light Company. *Paul G. Jasper* and *Charles W. Campbell, both* of Plainfield, for Amicus Curiae Public Service Company of Indiana, Inc. *Fred P. Bamberger,* of Evansville, for Amicus Curiae Southern Indiana Gas and Electric Company.

*Lawyer, Schroer & Eichorn,* of Hammond, and *Graham, Rasor & Harris,* of Warsaw both for appellee.

MOTE, J.—In this appeal, we are concerned with the jurisdiction of the trial court. The answer to our concern necessarily hinges upon the interpretation and application of the provisions of certain statutes in force in the State of Indiana.

Some time prior to the foundation of the litigation herein, the City of Warsaw, Kosciusko County, Indiana, by appropriate proceedings and resolution duly annexed certain adjacent and abutting territory. The Appellee prior to and at the time of such annexation, and as defined by the statute hereinafter referred to, was the "franchised utility" serving the citizens of said city with electric power by virtue of a franchise granted under and by virtue of the laws of the State of Indiana.

Appellant prior to and at the time of such annexation, and as defined by the statute hereinafter referred to, was the

"other utility" and it likewise was serving the citizens of the territory in Kosciusko County lying outside the corporate limits of said city under and by virtue of the provisions of the Rural Electric Membership Corporation Act of 1935, ch. 175, as amended.

As an addition or supplement to the Rural Electric Membership Corporation Act of 1935, ch. 175, as amended, and particularly the amendment of 1953, ch. 48, § 2, p. 153, the General Assembly enacted in 1953, ch. 175, § 18a, found in Burns' Ind. Stat. Anno. 1951 Repl., 1967 Cum. Pocket Supp., § 55-4418a, as follows:

"Whenever a municipality in which a public utility (including a corporation organized, or admitted to do business, under this act [§§ 55-4401—55-4426]) is rendering electric utility service under a franchise, license or indeterminate permit or in which a municipally owned utility is rendering electric utility service, as the case may be (such public or municipal utility being hereinafter called the 'franchised utility'), annexes additional territory and such annexed territory includes any territory in which the franchised utility was not authorized to render electric utility service immediately prior to such annexation but in which some other public utility (including a corporation organized, or admitted to do business, under this act) or municipally owned utility (such public or municipally owned utility being hereinafter called the 'other utility') was lawfully rendering electric utility service at such time, then the franchised utility and the other utility shall promptly negotiate for the purchase by the franchised utility of the property owned by the other utility within the annexed territory and used and useful by the other utility in or in connection with the rendering of electric utility service therein. In the event that such property has not been purchasd by the franchised utility within 90 days after such annexation takes place, then the franchised utility may bring an action in the circuit or superior court of the county where such municipality (or the major part thereof in area) is located against the other utility, as defendant, for the condemnation of such property of the other utility. Until and unless such purchase or condemnation is effected, the other utility shall have authority to operate within the portion of the annexed territory in which it was lawfully rendering electric utility service immediately prior to such annexation. [Acts 1935, ch. 175, § 18a, as added by Acts 1953, ch. 48, § 2, p. 153.]"

In pursuance of the provisions of the above quoted statute, Appellee, the "franchised utility" as defined above, carried on negotiations with Appellant, the "other utility" as defined above, for the purchase by the first mentioned from the latter mentioned, of the "property owned by the other utility within the annexed territory and used and useful by the other utility in or in connection with the rendering of electric utility service therein."

Upon the failure to purchase said property during a period of ninety (90) days, Appellee brought "an action in the circuit * * * court of the county (Kosciusko) where such municipality * * * is located against the other utility, as defendant, for the condemnation of such property of the other utility."

Summons, notice and return for Appellant were duly issued and made. Appellant entered its appearance and filed verified objections to the proceedings in which it attacked the jurisdiction of the court of the subject matter for the reason that the United States of America, through a so-called "paper or dry trust" mortgage, was a necessary party to the proceeding.

Appellee filed a demurrer to Appellant's objections. The United States of America requested and was granted leave to file a brief as *amicus curiae*. Said brief was filed and the parties hereto presented their briefs on the question raised; oral arguments were heard, after which the trial court sustained Appellee's demurrer to Appellant's objections.

The Appellant then filed a motion for reconsideration of the ruling on the demurrer and Appellee filed an answer to said motion. Appellant requested and was granted permission for an extension of time in which to file amended objections. Thereafter, on Appellant's refusal to file amended objections, the trial court denied the motion for reconsideration, entered an order overruling Appellant's objections and appointed appraisers. From this order, Appellant brings this appeal.

Apart from the briefs filed by the parties hereto, Indiana & Michigan Electric Company, Indianapolis Power & Light Company, Public Service Company of Indiana, Inc. and Southern Indiana Gas and Electric Company sought permission to file a brief as *amici curiae*. Such permission was granted and the brief was filed.

The record indicates further that the City of Warsaw sought and was granted the right to intervene as *amicus curiae;* also the petition of the Indiana Municipal League for leave to intervene as *amicus curiae* was granted. They have adopted the brief and argument of other *amici curiae*.

Appellant's point of view, its contention and argument, may be found on page 30 of its reply brief which states:

"Primarily, fundamentally and exclusively, so far as the Appellant is concerned the question involved is whether a mortgagee is a necessary party in a condemnation case under the statutes here cited. The circumstance that the mortgagee in this particular case happens to be the United States of America is no concern of Appellant and, as we see it, can be of no concern to Appellee."

While we think the issues presented herein are not quite so simple as Appellant states, we do feel that its contention above quoted relieves us of the necessity of quoting the lengthy objections filed in the trial court and to which Appellee's demurrer was sustained.

Omitting the formal parts, Appellee's Demurrer and supporting Memorandum are as follows:

"DEMURRER.

Plaintiff demurs to the defendant's objections and to each paragraph thereof separately, on the following grounds:

1. The objections and each paragraph thereof separately, do not state facts sufficient to constitute a defense to plaintiff's complaint.

MEMORANDUM.

1. The proceedings are in rem and act on the res. The Court has jurisdiction of the res, and may assess the damages sustained by the defendant owner.

2. It is not necessary to the jurisdiction of the Court that all parties interested in the property be made parties. Damages may be assessed and awarded to those made parties. If one having an interest is not made a party, he is not bound by the proceeding. The defendant cannot complain of failure to bring in such party.

3. A mortgagee out of possession is not a necessary party, is not an owner, has no estate, and has no title to the res.

4. Proceedings under Section 2 of Chapter 48 of the Acts of 1953 (Burns 1965 Cummulative Pocket Supplement 55-4418a) are against the 'other utility' rendering electric service in the annexed territory at the time of the annexation. The defendant is the 'other utility'."

Omitting the formal parts, the Order Appointing Appraisers is as follows:

"Come now Northern Indiana Public Service Company, plaintiff, by counsel, and Kosciusko County Rural Electric Membership Corporation, defendant, by counsel, and it appearing to the satisfaction of the Court that notice was issued by the Clerk of the Court to the defendant herein to appear on the 9th day of September, 1965, at 8:30 o'clock A.M. Central Standard Time, to show cause if any defendant has why the property of said defendant sought to be appropriated in the Complaint of plaintiff should not be appropriated, and it appearing by the return of the Sheriff of Kosciusko County, Indiana, endorsed on said notice which notice and return are in the words and figures following, to-wit:

(Notice and return omitted.)

that said notice was duly served on defendant more than ten days before the 9th day of September, 1965, that being the day fixed by the endorsement of the plaintiff on its Complaint for the appearance of the defendant to show cause, if any defendant has cause why the real estate sought to be appropriated in the Complaint herein should not be appropriated.

And the defendant having appeared herein and having filed objections in writing to the Complaint herein; And the Court having (i) examined the Complaint and the Objections of the defendant filed thereto, and (ii) having heard the evidence, being a Stipulation of Facts, duly executed and submitted by the parties, and having examined the same and exhibits thereto attached, and (iii)

having heard the arguments of counsel and (iv) being now fully advised in the premises; finds that the objections of the defendant should be and each of them hereby is overruled; and, The Court further finds that the plaintiff is a corporation organized under the laws of Indiana and invested with the power of eminent domain for the uses and purposes set forth in the Complaint; that plaintiff has been unable to agree with the defendant for the purchase of the property described in the Complaint and sought to be appropriated in the Complaint; and that allegations of the Complaint are true.

The Court being satisfied of the regularity of the proceedings and the right of plaintiff to exercise the power of eminent domain for the uses sought in said Complaint; now appoints Edwin D. Pratt, Howard E. Woodward, and Albert Zimmerman, three disinterested free-holders of the County of Kosciusko, State of Indiana, to appraise the damages which the defendant has sustained or may sustain by the condemnation of the property described in the Complaint, and said appraisers are hereby directed that upon being notified by the Court to appear and after first being duly sworn and instructed by the Judge as to their duties as provided by law, they proceed to assess said damages.

IT IS FURTHER ORDERED that upon direction by the Court the Clerk of the Court shall issue to said appraisers a certified copy of this order as their warrant upon which they shall proceed to assess said damages and they shall make their award and file their report to the Clerk of the Court.

ENTERED this 24th day of October, 1966.

> Hon. Gene B. Lee,
> Judge of the Kosciusko
> Circuit Court."

It readily will be observed that Appellant relies upon the provisions of the Eminent Domain Act of 1905, ch. 48, as amended, and particularly § 2 thereof, which latter section is found in Burns' Ind. Stat. Anno. 1946 Repl. § 3-1702, which in part provides as follows:

". . . Such complaint shall state:

First. The name of the person, corporation or other body desiring to condemn such lands or other property or right, who shall be styled plaintiff;

Second. The names of all owners, claimants and holders of liens on the property or right, if known, or a statement that they are unknown, who shall be styled defendants; . . ."

We have not set forth Section 2 in its entirety, but we believe that the above is sufficient for our present purpose.

On the other hand, Appellee contends that the addition to the Rural Electric Membership Corporation Act of 1935, by the Acts of 1953, that is § 55-4418a, supra, does not necessitate the naming of the United States of America, Appellant's mortgagee, as a party defendant and that its not doing so did not deprive the trial court of jurisdiction of the subject matter, as Appellant contends.

There have been cited and we have found but few authorities in our jurisdiction on the precise question now before us. The suggestion that authorities from other jurisdictions are of no assistance and cannot be followed due to the peculiarity of the language of our own Eminent Domain statute may have some validity. Although direct authority in Indiana on this precise question does not appear to be too generous, we have arrived at a conclusion by logic and by reason and the solution to the problem may not be so complicated and elusive as it first would appear.

We see no reason why one of the first questions posed cannot be determined with dispatch, namely: What is the status of the mortgagee and what, if any, interest does it own in the real estate? The complaint filed in the court below does not even suggest that real estate is involved in the territory annexed by the City of Warsaw, but even if there may be some right-of-way or other attached corporeal hereditaments included in the annexed territory and owned by Appellant, we think it is fairly well established in Indiana that a mortgagee has but a lien on the subject property to secure the payment of the obligations defined.

In *Egbert* v. *Egbert* (1956) 235 Ind. 405, 132 N. E. 2d 910, it is stated:

"Under § 56-117, Burns' 1951 Replacement, prescribing the form of a mortgage of lands and § 55-701 Burns' 1951 Replacement, giving the mortgagor the right to possession of the premises, it is well settled that the mortgagees only have a lien upon the real estate. 'The rule, now well established, however, is, that a mortgage creates no estate in the mortgagee, but confers on him only a lien upon the estate of the mortgagor, which estate, by force of the mortgage, can be transferred to the mortgagee only by a foreclosure and sale according to law.' Heavilon v. Farmer's Bank of Frankfort, 1881, 81 Ind. 249, 253. 'Indiana is unequivocally committed to the lien theory and the mortgagee has no title to the land mortgaged. The right to possession, use and enjoyment of the mortgaged property, as well as title, remains in the mortgagor, unless otherwise specifically provided, and the mortgage is a mere security for the debt.' Oldham v. Noble (1946), 117 Ind. App. 68, 75, 66 N. E. 2d 614, 615, 617."

In *Goodrich* v. *Board of County Commissioners* (1891) 47 Kans. 355, 27 P. 1006, 18 L. R. A. 113, the Supreme Court of Kansas stated:

"The next and more important question in this case is: 'Are the plaintiffs, mortgagees out of possession, owners', within the meaning of Paragraph 5477, General Statutes of 1889? Mr. Lewis, in his work on Eminent Domain, (§ 324), enters upon the discussion of the general subject as to whether mortgagees are necessary parties to condemnation proceedings by saying that, 'the authorities on the question are not only conflicting, but very unsatisfactory.' The same author adds: 'The cases go almost entirely upon the language of the statutes, as though it was a matter entirely within the control of the Legislature.' So, in our examination of the question, we have found the authorities thereon inharmonious, and depending very largely upon the language of the statutes, and upon the law relating to mortgages in the states where the decisions are found. In those states where a common law doctrine relating to mortgages prevails, where the mortgagee is held to be the possessor of a defeasible title to the land, it is generally held that he is a necessary party to the condemnation proceedings; while in states where the mortgage is held to be a mere security creating a lien upon the property, but vesting no estate in

the mortgagee, it is generally held that the mortgagee is not a necessary party to condemnation proceedings. . . . It has been seen that in our state a mortgagee of land is not the owner thereof. The mortgagor holds the legal title, and, in the absence of stipulations to the contrary, the right of possession. He is regarded as the owner of the land, and, when in possession by himself or agent, notice to him or his agent is, in proceedings to establish a public road, notice to the 'owner', to the full intent of our statute requiring such notice."

When considering the raw question as to whether the United States of America, Appellant's mortgagee, and as asserted by it in the trial court, is a necessary or perhaps an indispensable party, we think we may resort to the rule of reason and logic.

In the particular case now before us, despite the assertions of Appellant, and the urging in the trial court in its brief by the mortgagee, we may resort to the language in the mortgage itself and particularly Article II, Sec. 17, which provides:

"In the event that the Mortgaged Property or any part thereof, should be taken by the power of eminent domain, all the proceeds and avails therefrom except to the extent that all noteholders should consent to other use and application thereof by the Mortgagor, shall forthwith be applied by the Mortgage; first, to the ratable payment of any indebtedness by this Mortgage secured other than principal of or interest on notes; second, to the ratable payment of interest which shall have accrued on the notes and be unpaid; third, the ratable payment of, or on account of the unpaid principal of the notes; and, fourth, the balance shall be paid to whosoever shall be entitled thereto."

We desire it to be understood, however, that our conclusion is not predicated upon the language of said mortgage to announce a broad, general principle as we think it obtains in Indiana. It is only that the mortgagee of Appellant recognized in advance the possibility or even the probability of eminent domain proceedings which might affect the subject of its mortgage. In modern times, with all the public improve-

ments being fostered with federal assistance and the necessity to provide the facilities for a growing population, more and more authority is given in almost every legislative session to secure public rights in and over private property.

The record presented to us discloses that the United States of America, Appellant's mortgagee, among o t h e r things, raised the question of its immunity to suit and indeed it appears from the record that at the time of the litigation in the trial court, there was no legislative authority for suit against the United States of America in matters of this character, although subsequently it appears that § 2410 of Title 28 of the U. S. Code, under certain conditions, waived its immunity to suit.

There is another phase which we think presents itself for our consideration and that is, who may raise the question— the mortgagor, Appellant herein, or the mortgagee? It cannot be stoutly argued that either the mortgagor or the mortgagee will be adversely affected, particularly when Apellant's origin and operating authority emanate from the State of Indiana and it is therefore subject to its laws.

Burns' § 55-4418a, supra, specifically provides for the present litigation when it states that the "franchised utility," as plaintiff, may bring an action against the "other utility" for condemnation. The parties hereto fill that description. This section of the Act and the authority upon which the litigation below was commenced does not require any other than the "other utility," Appellant herein, to be named as defendant. Perhaps it could be argued that the enactment of said § 55-4418a served as an amendment by implication to Burns' § 3-1702, but we do not care to adopt this reasoning, nor do we think it necessary for a determination of this appeal.

We do not intend to say or to imply that the United States of America, as mortgagee, was not and is not a proper party defendant. The only proposition we are required to answer

in this appeal is not that which is suggested by Appellant, as above quoted from its brief, but whether under the facts and circumstances as they are presented herein the trial court had jurisdiction to dispose of the litigation and enter judgment on the issues. In other words, did the trial court have jurisdiction of the subject matter? Appellant agrees that this is the issue. Certainly it cannot be seriously contended that the trial court, The Circuit Court of Kosciusko County, a constitutional court, absent the present question, did not have jurisdiction of the subject matter of this litigation. *Pickering* v. *State* (1886) 106 Ind. 228, 6 N. E. 611.

The record in this cause indicates that Appellant's mortgagee was advised fully of the action filed in the trial court. Indeed, it appeared therein as *amicus curiae* and filed a brief. It must be remembered that it did not seek to intervene. If its rights and property were in jeopardy by virtue of the action filed below, it had the right to intervene. It sought not to do so. Our statutes in Indiana are fairly clear on who may be proper or necessary parties to an action. Since the Special Session in 1881, by ch. 38, § 20, p. 240, Burns' Ind. Stat. Anno. 1946 Repl., § 2-219, the following has been in full force and effect:

> "Any person *may* be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved." (Emphasis supplied.)

This section of our statutes has remained in force for more than three-quarters of a century and we find no authority which attempts to suggest that the United States of America, mortgagee of Appellant, has such an interest in the controversy between the parties to this litigation that makes it a necessary party to the complete determination or settlement of this question as to whether Appellee is entitled to condemnation under Burns' § 55-4418a, wherein the "franchised

utility" may bring an action against the "other utility" for condemnation.

The same Special Session of the Indiana General Assembly in 1881, by ch. 38, § 24, p. 240, Burns' Ind. Stat. Anno. 1946 Repl. § 2-222, concerning the making of new parties and the right to intervene, adopted the following:

> "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may order him to be made a party by the proper amendment."

As stated above, the mortgagee did not ask to intervene; however, it appeared in the trial court as *amicus curiae* and, among other things, claimed its immunity to suit. Furthermore, we conclude no actual or real right of the mortgagee here was involved and particularly would this be true under Article II, Sec. 17, of the mortgage quoted above. In the present instance and so far as the record in this appeal discloses, the United States of America, as mortgagee of Appellant, does not contest the ruling of the trial court. Only the Appellant, the mortgagor, raises the question. We think it is not in position so to do. By its action, Appellee did not seek to affect any interest or right or lien which the mortgagee had. The Appellee sought only the condemnation of that property owned by the Appellant within the territory annexed and which, under § 55-4418a, was required to be transferred to the Appellee upon the determination (in the absence of agreement) of the fair market value for cash thereof and the payment thereof. We go so far as to say that had the United States of America, the mortgagee of Appellant, sought to intervene, the court probably should and would have permitted it to do so. Thereby

it would have submitted to the jurisdiction of the court. Its haughtiness in refraining from such request does not and cannot, in our opinion, divest the Kosciusko Circuit Court of jurisdiction over the Appellant and over the property *in rem* located within the jurisdiction and bailiwick of the court itself.

We have attempted thus far to confine ourselves to the broad proposition which lies before us in this appeal, that is, we have attempted to treat Appellant's argument and contention that because its mortgagee, the United States of America, was not made a party defendant to the action below, the trial court did not have jurisdiction of the subject matter.

With much pondering and reflection upon the sense and meaning of Burns' § 3-1702, its application and adaptation to other current statutes and decided cases, the purposes to be accomplished, and the protection of the rights of citizens, we have arrived at the conclusion that a condemnor, in an action for condemnation, is required to name as defendants thereto only those parties whose interests and rights are deemed by it to interfere with and to be contrary to the purpose of the action and the adjudication sought.

We have had occasion to investigate many of the statutes in Indiana which grant the right to exercise eminent domain. They appear to be wholly lacking in uniformity and they are found too often to be lacking in clarity as to their purposes and the procedures to be followed in the exercise of the legislative grant. We do note, however, the ever-growing and broadening legislative grants in this field to advance what may be designated as the "public interest."

The failure, over the nearly three-quarters of a century past, to provide our jurisdiction with established precedents or amendments to the Act itself, is indicative, we think, of the narrowness of the proposition or question before us, if, indeed, a question does exist. The term "jurisdiction of the subject

matter" of our courts is of very broad significance and appears not often to be available, particularly to a party defendant as a defense. Not always, of course, but most frequently, we think, jurisdiction attaches and if other parties to the action are deemed to be necessary, upon proper showing, such other and additional parties, in the discretion of the court, may be brought in. As an example, the use of statutory intervention may be employed. See: *Van Nuys* v. *Union Ins. Co.* (1940) 108 Ind. App. 294, 25 N. E. 2d 280; *Gibault Home for Boys* v. *Terre Haute, etc.* (1949) 227 Ind. 410, 85 N. E. 2d 824; *City of Evansville* v. *Byers* (1964) 136 Ind. App. 448, 202 N. E. 2d 399; Burns' § 2-222, supra.

The real question to resolve is whether the trial court has general jurisdiction in the class of actions under consideration and we think, as here, even without the implementation of § 55-4418a, the trial court had jurisdiction of the class of actions in to which the action below may be said to fall and of the Appellant and of the property. Furthermore, we conclude that the trial court properly could try the issues tendered by the complaint and lawfully adjudicate the issues between the parties. Of course, the trial court could not go beyond the issues presented and the parties to the action in the adjudication. The rights, if any, of Appellant's mortgagee could not be adjudicated; nor did Appellee seek such adjudication. By its complaint, Appellee sought only a determination of the fair market value for cash of Appellant's used and useful property in the exercise of its franchise in the annexed territory and § 55-4418a provided for this along with the transfer of the franchise therein.

We now direct ourselves to another phase of Burns' § 1702, supra. There is a limited number of authorities in Indiana in support of the proposition that whereas the United States of America is a proper party, it is not essentially a necessary, fundamental or indispensable party. So far as we know, there is but one case in Indiana which directly has to do with this subject. There are others which may hint at the solution to

the question, but we find upon examination that such other authorities lead us far afield. In the final analysis, we think that the decision of this Court in *Darrow* v. *Chicago, Lake Shore & South Bend Railroad Company* (1907) 169 Ind. 99, 81 N. E. 1081, has more significance than that accorded to it by the Appellant herein, who denies its efficacy because this Court did not decide the question as not properly presented. The facts involved in that case cannot be said to be comparable to the facts in the case at bar, but there is indeed an analogy which creates a situation quite similar to the one before us. The *Darrow* case, the opinion in which was written by the late Judge M o n k s, was a condemnation suit commenced against a wife who contended that the court did not have jurisdiction because of the failure to name her husband, who apparently then had an inchoate interest, as a party defendant. This Court said:

"*It is not necessary to the jurisdiction of the court that all persons interested in the property be made parties, but damages may be assessed to persons made parties, and they cannot complain of the failure to bring in other interested parties.* Dowie v. Chicago, etc. R. Co. (1905) 214 Ill. 49, 51, 52, 73 N. E. 354, and cases cited; 5 Current Law, 1122; 15 Cyc. Law and Proc., 840, 841. Moreover said objection is too general to raise the question of a defect of parties. An objection for defect of parties, whether apparent on the face of the complaint, or raised by answer presenting an issue of fact, must specifically point out the defect and designate the proper parties, or the same is insufficient and the objection is waived. Kelley v. Love (1871), 35 Ind. 106; State, ex rel., Smith v. McClelland (1894), 138 Ind. 395, 398, 399, 37 N. E. 799, and cases cited; Boseker v. Chamberlain (1903), 160 Ind. 114, 118, 66 N. E. 448; 1 Ency. Pldng and Prac., 17, 18. It follows that the question whether appellant's husband should have been made a party defendant in this proceeding was not presented by any objection filed in the court below, and the same was therefore waived and will not be decided by this court." (Emphasis supplied.)

The Appellant herein practically rests its case upon the language in the latter part of the above quotation from the

*Darrow* case. Appellant asserts that this language presenting a defect of parties therein thus raises the question of jurisdiction of the subject matter. Appellant further contends that since the jurisdiction matter was not presented, it was waived and that the court did not decide the issue. Hence, Appellant argues that the *Darrow* case provides no precedent for us to follow. We call attention to other language in the *Darrow* case, as follows:

"The record shows that the court in which said proceedings were pending had jurisdiction of the subject-matter ■ and of the parties, and it follows that the judgment, even if erroneous, was not void."

We think that Judge Monks, in the *Darrow* case, first decided the issue which is involved in this appeal and then stated that since the matter was not presented, its objection ■ was waived. However, under a long list of authorities in Indiana, it uniformly has been held that the matter of jurisdiction of a court over the subject matter of the litigation may be raised at any time, even on appeal. No formal showing need be made. The trial court, *sui sponti*, may raise it. Thus it would appear, since this Court retained jurisdiction and decided the appeal in the *Darrow* case, that if there were a question of jurisdiction of the subject matter therein, as we understand Appellant to contend, then this authority is valid and does support the contention of Appellant that the ruling on the demurrer to Appellant's objections was proper.

Whatever one may say about the language of this Court in the *Darrow* case, through the late Judge Monks, it cannot be denied that the trial court, with the later approval of this Court, maintained the jurisdiction over the person of the defendant and over the subject of the litigation, real estate within the jurisdiction of the trial court and permitted the same to be condemned, although the husband, with an inchoate interest, was not made a party defendant.

Appellant's contention and argument that because the objection was not presented, it accordingly was waived and

therefore the question was not decided, is tantamount to a determination that the court had jurisdiction of the subject matter, else the action would have been dismissed. Stated in another manner, to have decided as the Court did is conclusive that the court did have jurisdiction and if, as we think, the court had jurisdiction in that cause, it follows that Appellant's objections herein, based upon the asserted lack of jurisdiction of the subject matter, are not well taken. Consequently it follows further that the issue presented concerning whether Appellant's mortgagee is a necessary and indispensable party to invest the trial court with such jurisdiction must be answered in the negative.

Some other authorities are available in support of the conclusion here reached, one of which is from a treatise styled *"Condemnation in Indiana," Indiana State Bar Association,* 1966, p. 6, wherein it was stated:

> "(c) Failure to Name all Interested Parties not a Jurisdictional Defect. While it is generally true that all persons owning an interest in the real estate should be made parties to an eminent domain proceeding, it has been held that it is not necessary to the jurisdiction of the Court that all such persons be made parties, but that damages may be assessed to persons made parties and they cannot complain of failure to bring in other persons interested in the real estate."

§ *87, 11 I. L. E. "Eminent Domain"* at p. 641 states:

> "Under the general Eminent Domain Act of 1905, as amended, it is not necessary to the jurisdiction of the Court that all persons interested in the property be made parties, and they cannot object to the failure to join other parties."

*Flanagan, Indiana Pleading and Procedure* (1947) p. 93, § 46, entitled "Persons who Must be Joined as Defendants," states:

> "In any condemnation proceedings under the exercise of the right of eminent domain, all owners, claimants and holders on the property *may be made defendants."* (Emphasis supplied.)

Other authorities are *6 Nichols, Eminent Domain,* 1965, § 26.1134, p. 208, which states:

"It is generally held that, when the condemnation of land is affected by judicial decree, failure to designate in the petition and to make a party respondent the owner of any interest in the land taken whose title appears of record or who is otherwise ascertainable on reasonable inquiry, renders the proceedings ineffectual to transfer such interest to the condemnor, but does not invalidate the entire proceedings or effect the validity of the taking of other interests, the owners of which were properly designated and made parties.";

and *2 Lewis, Eminent Domain,* 3rd Ed. § 538, which states:

"If a necessary party is omitted (in a condemnation proceeding) the proceeding will be nugatory as to such party. But, as a general rule such an omission does not vitiate the proceedings as to those who are parties, nor can the latter complain of such omission."

In the *Darrow* case, supra, the Illinois case of *Dowie* v. *Chicago, etc., R. Co.* (1905) 214 Ill. 49, 51, 52, 73 N. E. 354, was cited with approval. Although the jurisdictional question therein appears to have been of somewhat different character, the Supreme Court of Illinois did say in effect that under the existing statute (Hurd's Revised Statutes 1903, p. 908, ch. 47, § 2) requiring petitions in condemnation proceedings to describe all persons interested in the property, it is not necessary to the jurisdiction of the court that all persons interested in the property be made parties, but damages may be assessed to the persons made parties and they cannot complain of the failure to bring in other interested parties.

In the *Dowie* case, the court went on to say that the section of statute therein relied upon had been construed a number of times with the holding uniformly adverse to the contention of appellants therein as herein.

It is our opinion that the plaintiff in an action has some discretion and some right to determine the parties whom he

may wish to name as parties defendant. Of course no one's rights may be affected adversely if he is not a party to the litigation under the jurisdiction of the court. A judgment cannot be rendered against one not a party, unless by representation or succession such party comes into the litigation or intervenes and is made a party. Our statutes provide for intervention of interested parties. The mortgagee did not choose to intervene, although it had ample notice of the litigation, as the record clearly shows. The rights of the citizens of Indiana cannot be deprived by the tactic here employed and the Appellant admits in its brief that:

> "The circumstance that the mortgagee in this particular case happens to be the United States of America is no concern of Appellant and, as we see it, can be of no concern to Appellee.",

giving full credence to the statement that Appellant cannot be harmed, and neither can Appellee, because the United States of America is not named as a party defendant. As a matter of fact, it could not be made a party defendant with its assertion of immunity to suit and process and we do not believe that the Indiana General Assembly, by the enactment of § 55-4418a, supra, engaged in legislation which, under the facts and the record before us, could be completely thwarted. The United States of America really has or should have no concern in the litigation which it abandoned after an adverse decision in the lower court. As above set forth, Appellant concedes in its brief that "the circumstance that the mortgagee in this particular case happens to be the United States of America is no concern of Appellant, and, as we see it, can be of no concern to Appellee."

It is obvious, we think, that the parties to this litigation are arrayed in battle, the results of which have social, economic, governmental and political significance. It is not pleasant to referee the scrap, but such is our duty and without wavering and without regard to the consequences, we think,

we know, that it behooves the judicial branch of government to determine— fearlessly and without emotion—any and all litigation according to law and the evidence. Of this we have no doubt and we have no fears. The judgment of the lower court is hereby affirmed.

Lewis, J., concurs.

Hunter, C. J., and Jackson, J., concur in result.

Arterburn, J., dissents without opinion.

NOTE.—Reported in 229 N. E. 2d 811.