SADLIER ET AL. *v.* STATE OF INDIANA.

[No. 369S54. Filed September 24, 1969. No petition for rehearing filed.]

*William F. LeMond,* Indianapolis, for appellants.

*Theodore L. Sendak.* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The state of Indiana filed a complaint against the appellants, which sought to condemn the land owned by the appellant, Mrs. DeEtta Sadlier, and leased to appellant, Warren M. Atkinson. The complaint asked for the appointment of appraisers and alleged that the land was needed for the building of a public highway in Marion County, Indiana. The complaint further alleged that the highway was"one of and a part of the State Highway System of the State of Indiana." The complaint described by legal description the land sought to be condemned and recited that the state, through the Indiana State Highway Commission, had made an effort to purchase the needed real estate and temporary easement described in the complaint, but had been unable to reach an agreement with the appellants.

Appellant Atkinson filed objections to the complaint, which were as follows:

"Objections To Complaint.

"Comes now the Defendant, Warren M. Atkinson, and files his objections in writing, separately stated and num-

bered, not later than the first appearance of this defendant, which objections are as follows, to-wit:

"1. That the Court has no jurisdiction of the subject matter of this action or the person of this Defendant for the reason that the Plaintiff has failed to make a bona fide offer for the property proposed for appropriation in that said offer was based on appraisal made by Plaintiff in the year 1967 and comparable properties in the same locality have more than doubled in value from the date of said appraisal to the time of the proposed taking.

"2. That the Plaintiff has failed to make any offer for the Defendant, Warren M. Atkinson's interest herein, who is a lessee with option to purchase in possession of the subject property and whose interest in said property is acknowledged by the plaintiff, State of Indiana, in paragraph numbered 4 of said Complaint.

"3. Plaintiff excluded from the property purported to be appropriated a certain 3.855 acre parcel of ground as shown on the exhibits attached to plaintiff's complaint, at the intersection of two existing arterial highways presently zoned for business use and the State of Indiana proposes to leave this island of ground in the title of Defendants encircled by limited access fencing in the midst of a major interstate highway interchange with the only point of access on a curve-a-linear ramp with a sixteen foot farm access lane leading into it, all of which constitutes a taking of substantially all beneficial use and enjoyment in the property but leaving the burden of maintenance and taxation in these Defendants and in violation of the 'strips and gores' policy of the State of Indiana.

"4. That the fee interest of the Defendant, DeEtta Sadlier, (and the leasehold interest of this Defendant) includes all of the present public right-of-way of State Highway 100 from the point of the limited access fence depicted on the exhibits attached to plaintiff's complaint and extending north to the centerline of 82nd Street, as well as the south half of the right-of-way of 82nd Street from the west right-of-way line of State Road 100 to the East boundary of the Defendant's property and the State of Indiana is taking this fee interest as well as all access thereto without including said property in the description of the property being appropriated in the complaint and without including the value of this interest in its offer

heretofore made, all of which land area constitutes approximately four and one-half (4-1/2) acres.

/s/ WILLIAM F. LeMOND
William F. LeMond, Atty.
for Defendant, Warren
M. Atkinson"

The appellants assign as error the overruling of the objections and the appointing of appraisers.

For the purpose of this appeal the appellants combine their objections one and two and objections three and four. We will likewise combine the objections.

Although the state avers in the complaint that an effort to purchase the real estate from the owners was made, appellants contend that the filing of objections to the complaint contesting the averment puts the alleged attempt to purchase in issue.

Appellants' position ignores the provisions of Burns' § 3-1707a, which provides in substance that in all proceedings by the State Highway Department of Indiana or any state agency acting in its stead that has the right to exercise the power of eminent domain for such public use, ". . . the said department in its action for condemnation shall not be required to prove that an offer to purchase was made . . ."

The appellants urge that Burns' § 3-1707a does not apply unless the condemnation suit is brought by the State Highway Department of Indiana. Here the sole plaintiff is the State of Indiana and the appellants contend the provisions would not apply. We do not agree with appellants' position. The State Highway Department of Indiana has been held to be incapable of bringing suit in its own name.

"The State Highway Commission is not an entity separate from the State government; and the express provi-

sions of the statutes governing the Commission require proceedings in eminent domain to be brought by the Attorney General in the name of the State. Sec. 18, Acts 1933, p. 67; Sec. 36-118 Burns' R.S. 1933." 1947 Ops. Att'y Gen. 32, 33. See also: Burns' § 36-118. 11 I.L.E., *Eminent Domain*, § 87.

We further point out that Burns' § 3-1707a is a portion of the Acts of 1961, Ch. 317, § 2, p. 884. This amends the old Condemnation Act of 1905, Ch. 48, upon which the appellants rely for their contention that the state, in condemnation actions brought on behalf of the State Highway Department, must prove that an offer was made to the land-owner. Although we as a Court may feel that land-owners are entitled to have offers and attempts at settlement made prior to condemnation actions, nevertheless the legislature constitutionally is the one that has the right to determine such prerequisites to condemnation actions, and we have no right to override the plain statement of the legislature in regard to actions brought on behalf of the State Highway Department. We therefore find that the appellants' contention may not be sustained in this case.

The appellants next argue that even if the jurisdictional requirement of an offer is met, the complaint is still defective because it excluded from the property sought to be appropriated a tract of land containing 3.855 acres. Appellants' position is that the 3.855 acre tract of land should be included in the description of the land appropriated since the state's action has substantially destroyed the beneficial use and enjoyment of the land. The appellants contend such action by the state amounted to a total taking.

The facts are that the appellant, Mrs. Sadlier, owned land which appellant Atkinson leased with an option to purchase. The land was abutted to the north by East 82nd Street and to the west by Indiana Highway #100. The state seeks to obtain the fee title to a portion of appellant's land for use as an interstate highway. The proposed plan calls for the

interstate to take such a path through the ground that the extreme northwest corner of appellant's property is severed from the residue. A single point of access to the "island" of land is provided in the southwest corner.

The appellants' fourth objection alleges that the state should have also included in the land sought to be condemned the appellants' fee interests in Highway #100 and East 82nd Street. The plans for the interstate highway call for the construction of a limited access fence between these fee interests and the residual lands of appellants.

Both of these objections can be disposed of together. In order to appropriate the necessary land the complaint is sufficient if the actual land sought to be appropriated is described. As stated in 11 I. L. E., *Eminent Domain*, § 92, p. 647:

". . . No land need be described except such as plaintiff proposed to appropriate. . . ."

This statement is further amplified by the case of *Darrow v. Chicago, etc., R. Co.* (1907), 169 Ind. 99, 81 N. E. 1081, which holds at pages 103 and 104:

"We shall now consider the objection that the description of the real estate contained in the complaint is void on account of being inadequate and uncertain. The Act of 1905 only requires that the real estate sought to be appropriated be described. *It was not necessary therefore to describe in the complaint any part of appellant's land except that which appellee sought to appropriate. . . .*" (Our emphasis).

As pointed out by the numerous cases cited by the appellants and specifically by statute, injuries suffered by the residual land which occur due to the taking of land by eminent domain proceedings, have been held compensable. Burns' § 3-1706. However, the question of whether the injury to the residual land of appellants is compensable in this case is not now before us. Our holding is

that the state needs only to include the actual land sought to be appropriated in the complaint. The damage sustained by the residuary land can be made the subject of an instruction to the court-appointed appraisers. The issue of compensation is formed by filing objections to the appraisers' award. *Van Sickle v. Kokomo Water Works Co.* (1959), 239 Ind. 612,158 N. E. 2d 460.

The judgment of the trial court is affirmed.

DeBruler, C. J., and Hunter and Givan, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 251 N. E. 2d 27.