ROSS R. ROCKWELL, ET AL. *v.* STATE OF INDIANA.

[No. 271S42. Filed February 7, 1973.]

*Blachly, Tabor & Bozik, Duane W. Hartman,* Valparaiso, for appellants.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal by the defendant, Ross Rockwell, (appellant) from an order appointing appraisers in a condemnation action whereby the plaintiff (appellee) sought to appropriate land of the defendant for highway improvement purposes. The issues were formed by the defendant's objections alleging that the plaintiff was taking more of his land than was described in the complaint and that it was thereby seeking such excess without compensation. The evidence consisted of four documentary exhibits and certain

stipulations of counsel. The defendant contends that such evidence proved title in him to certain land lying contiguous to his land, as described in the complaint, and within the area of the highway right-of-way to be improved, as shown by the exhibit attached to the complaint. We shall hereinafter refer to this land as the "disputed land." The exhibit attached to the complaint designates a portion of the proposed highway right-of-way as "Old R/W Lakeshore and Michigan Southern R. R." The disputed land is a portion of such railroad "right-of-way" area. Special findings of fact and conclusions of law were entered. The findings are in detail not pertinent to this opinion, and the conclusion was that the disputed land was not owned by the defendant.

It is the defendant's position that the disputed land was once a railroad right-of-way and that it had not been so used for many years. In this connection, one of the findings of the trial judge was that there was no physical evidence that the right-of-way was at any time used in railroad operations and that it was stipulated by counsel that no railroad operations occurred on said right-of-way since the early nineteen hundreds. The defendant maintains that it is immaterial whether the railroad company's right-of-way had been a fee simple title or merely an easement and that in either event the fee vested in the owner of the contiguous land, when such use was abandoned. To support his position as to abandoned easements, he cites a number of cases from other jurisdictions, although none from Indiana. *Brown* v. *Weare* (Mo. 1941), 152 S. W. 2d 649, 136 A. L. R. 286; *Prewitt* v. *Whittaker* (Mo. 1968), 432 S. W. 2d 240; *Hennick* v. *Kansas City Southern R. Co.* (Mo. 1954), 269 S. W. 2d 646; *Kansas City* v. *Ashley* (Mo. 1966), 406 S. W. 2d 584. Plaintiff has given us no authorities to the contrary, and we have made no exhaustive independent research upon the question, as we consider it to be moot in these proceedings. We do note, however, that the annotation in 136 A. L. R. 286 indicates the majority rule to be contrary to the defendant's position, and although

not specifically in point, the Indiana cases there cited indicate a leaning also opposed to him. *The Indianapolis, Peru and Chicago R. W. Co. v. Hood* (1879), 66 Ind. 580; *Cleveland, Columbus, Cincinnati and Indianapolis R. W. Co. v. Coburn et al.* (1883), 91 Ind. 557; *Jeffersonville, Madison and Indianapolis R. R. Co. et al. v. Barbour et al* (1883), 89 Ind. 375; *Sheets v. Vandalia R. Co.* (1920), 74 Ind. App. 597, 127 N. E. 609.

To support his claim as to an abandoned fee simple title, the defendant refers us to Acts of 1867, ch. 80, § 1, as amended by Acts of 1877, ch. 68, § 1, 1951 Repl. Burns Ind. Stat. Ann. § 55-2901, IC 1971, 8-4-12-1,[1] which has no application. The statute provides for the forfeiture by railroads of "rights, privileges and franchises," under circumstances that have not here been shown to exist. Further, it does not purport to provide for the disposition of such "rights, privileges and franchises," if so forfeited. The aforementioned Indiana cases may be indicative of the disposition to be made of rights-of-way, in the event of abandonment.

Likewise, the federal statute cited by the defendant as 43 U. S. C. A. § 912 has no application, as it relates to "public lands of the United States * * * granted to any railroad company * * *."

We are aware of no precedent to permit a defendant in a condemnation action to enlarge the appropriation made by

---

1. "55-2901 [13231]. When road deemed abandoned.—Any railroad company organized under a special charter, or under the general law of this state for the construction of railroads, whose line is wholly within this state or partly within this state and partly in another state, which shall fail to keep up the directory of its road and expend at least the sum of fifty thousand dollars [$50,000] upon the line of such road in this state within any period of two [2] years from the taking effect of this act; or where any railroad company, so organized as aforesaid, shall have heretofore located the line of its road in this state, and has afterward adopted another and different line and route thereof in this state,—then in either of the above cases, such railroad company shall be taken and held to have abandoned such road, or so much of the line thereof in this state as has been abandoned by so selecting and adopting another and different line; and such company is hereby declared to have forfeited all its rights, privileges and franchises in such road or part thereof."

the condemning authority or alternatively to defeat the authority's right of condemnation because it elects not to condemn adjacent land, which the condemnee may or may not own. As said by this Court in *Vandalia Coal Co.* v. *Indianapolis, etc., R. Co.* (1907), 168 Ind. 144, 79 N. E. 1082, the defendants seek to enlarge the scope of the proceedings beyond that anticipated by the statute under which the action is prosecuted. In that case, the landowner objected to the appropriation, alleging that the land appropriated was but a portion of its land that would be transgressed by the railroad, according to the declared intentions of the condemning railroad company; that the company had refused to negotiate concerning the same, that it would be impossible for the company to use the right-of-way sought to be appropriated without passing over such other land of the owner; that all of said lands of the owner should be condemned as one tract; and that since the company had failed to offer to purchase the adjoining land, the court was without jurisdiction as to the tract sought to be appropriated. Holding that it was the condemning authority's privilege to include in the proceedings all of the owner's land in one county or to maintain separate actions, at its option, we there stated that it was intended that the condemnation proceedings be somewhat summary in character at this stage, to avoid postponement or delay in the formation or trial of collateral issues. We there pointed out that if the owner be aggrieved, he had a way provided to secure and obtain all damages which he may sustain by way of inverse condemnation proceedings. That remedy was available to the defendants in the case at bar under the Acts of 1905, ch. 48, § 11, 1968 Repl. Burns Ind. Stat. Ann. § 3-1711, IC 32-11-1-12. A claim similar to the one before us and to that of the landowner in *Vandalia Coal Co.* v. *Indianapolis, etc. R. Co., supra,* was also rejected by us in *Sadlier et al.* v. *State* (1969), 252 Ind. 525, 251 N. E. 2d 27.

Defendants, by their reply brief, concede that the state could have condemned whatever portion of their land it elected, unfettered by the collateral issues raised with reference to the railroad right-of-way; but they assert that it is foreclosed from raising such question on appeal inasmuch as it made no objection to a consideration of the right-of-way issues in the trial court. They cite us to *Rector* v. *State* (1971), 256 Ind. 634, 271 N. E. 2d 452, wherein we held that unless a proper and timely objection is made in the trial court, the question is not preserved on appeal. We do not think the rule from *Rector, supra,* is applicable, since that case and others where such rule has been applied involve situations where the *appellant* sought to raise a question for the first time on appeal. However, there may be merit to the appellant's position. Although erroneously so, the parties did submit the collateral issue of the disputed land to the trial court, a court of competent jurisdiction over the general subject matter. Since we find that the trial court correctly decided that collateral issue, however, we do not need to pass upon the point. To sustain his claim of title to the disputed land under the theories advanced by the defendant, it was incumbent upon him to prove that at one time there had been either a fee simple title or an easement vested in the railroad company. Although there is a finding by the trial court that there was a railroad right-of-way adjacent to the land appropriated, we find no evidence to support such finding. The evidence apparently relied upon by the trial court consisted of two ancient recorded documents. The first is a deed dated 1889 to S. A. Samuelson, and the second is the recorded plat of Ansley's Addition, dated 1891, of which the appropriated land is a portion. The deed describes the land thereby conveyed as being bounded on the north by the railroad right-of-way. The recorded plat, according to the findings of fact, reflects the railroad right-of-way, although we note that what appears to be a copy of such plat, filed as Exhibit 1, does not reflect such right-of-way. There is also a finding that the land conveyed to S. A. Samuelson is the

same land as Ansley's Addition, which lends some credence to the finding that the right-of-way appears upon the plat. However, this evidence reflects only the conclusion of the parties to the deed and of the parties dedicating the plat, who have not, in any way, been shown to be privy to any grant of the right-of-way. Such conclusions cannot support a claim to any interest in the railroad company. The defendants, predicating their claim upon an abandoned interest of the railroad company, had the burden of establishing by a preponderance of the evidence that the railroad had such an interest and that it abandoned it. It was not sufficient merely to show that, *if it ever had such an interest,* it abandoned it. From the evidence before the trial court, it could only speculate what the interest of the railroad company was, if it had any at all; and assuming that it did, at one time, hold either the fee or an easement, we must acknowledge that either may have been conditional or terminable, in which event we would have to look to the instrument creating the interest to determine the present ownership. Neither may we close our eyes to the possibility that if the railroad company was at one time in possession, it may have been as a mere licensee or trespasser. The defendant's claim to ownership of the disputed land is speculative, and the trial court committed no error in adjudging that he was not the owner.

Affirmed.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 291 N. E. 2d 894.