Norman L. WOLFE, et al., Appellant,

v.

**TUTHILL CORPORATION,
FULL–RITE DIVISION,**
Appellee.

No. 57S03–8812–CV–1018.

Supreme Court of Indiana.

Dec. 27, 1988.

Dean S. Eveland, Lundy and Walker, Fort Wayne, for appellants.

Edward L. Murphy, Jr., Edward J. Liptak, Livingston Dildine Haynie & Yoder, Fort Wayne, for appellee.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

This appeal involves an alleged misappropriation of trade secrets by Norman L. Wolfe (Wolfe), a former employee of the Tuthill Corporation (Tuthill), a manufacturer of electric pumps.

Wolfe was employed as a purchasing agent from 1972 until his termination in 1979. During that time Wolfe was a member of the management staff and had knowledge of confidential information and trade secrets of Tuthill.

Wolfe began his own business, the Angola Pump Company, in competition with Tuthill. On January 25, 1980, the Steuben Circuit Court entered a preliminary injunction which enjoined Wolfe from designing, manufacturing, or selling any pump which incorporates the trade secrets of Tuthill.

Venue was changed to the Noble Circuit Court. Upon hearings on Wolfe's motion to dissolve the preliminary injunction, on April 9, 1981 the court ordered the injunction to continue. The court also clarified the precise pump designs which were covered by the injunction.

On February 16, 1982, Tuthill filed a petition for contempt alleging that Wolfe's newly-designed pump violated the prelimi-

nary injunction. Wolfe was found to be in contempt of the preliminary injunction.

The Indiana Legislature adopted the Uniform Trade Secrets Act (Ind.Code § 24–2–3–1) which became effective on September 1, 1982.

On January 12, 1984, the trial court conducted hearings and granted a summary judgment in favor of Tuthill. The preliminary injunction was ordered to be permanent.

Wolfe appealed the trial court's decision. The Court of Appeals held that the Uniform Trade Secrets Act (UTSA) applies to this case; that Wolfe's failure to raise the applicability of the UTSA until appeal did not waive the issue because Wolfe challenged the trial court's subject matter jurisdiction to enter a permanent injunction; and that the UTSA mandates a trial court to articulate the circumstances which justify a permanent injunction. The case was remanded to the trial court to resolve the factual question regarding the length of time Tuthill is entitled to injunctive relief. *Wolfe v. Tuthill Corp., Fill–Rite Div.* (1987), Ind.App., 516 N.E.2d 1074.

In its brief in support of a petition for transfer to this Court, Tuthill argues that the UTSA does not apply to Wolfe's misappropriations; thus it was proper for the trial court to enter a permanent injunction based on common law principles. Tuthill cites Ind.Code § 24–2–3–8, which states:

"If a continuing misappropriation otherwise covered by this chapter began before September 1, 1982, the chapter does not apply to the part of the misappropriation that occurred before that date. It does apply to the part that occurs after August 31, 1982, unless the appropriation was not a misappropriation under ... this chapter."

Because Wolfe copied Tuthill's information well before the UTSA enactment date of September 1, 1982, Tuthill asserts that the act does not control their case.

Tuthill also contends that the trial court does not derive jurisdiction to enjoin Wolfe from the UTSA, and by Wolfe's failure to argue the applicability of the UTSA to the trial court or in his motion to correct error, the issue is waived.

In Wolfe's brief to the Court of Appeals, he asserts the trial court had no jurisdiction to grant a permanent injunction because the UTSA states an injunction shall be terminated when the trade secret has ceased to exist, citing Ind.Code § 24–2–3–3(a). He asserts the UTSA is the sole jurisdictional grant of power to award injunctive relief.

■ One may contest the court's jurisdiction over the subject matter of the litigation at any time. *Kosciusko County R.E. M. Corp. v. Northern Ind., P.S. Co.*, (1967), 248 Ind. 482, 229 N.E.2d 811; *Hancock County R.E.M. Corp. v. City of Greenfield* (1986), Ind.App., 494 N.E.2d 1294, *trans. denied.* We agree with the Court of Appeals that because Wolfe challenged the subject matter jurisdiction of the trial court, he did not waive the issue of the trial court's jurisdiction to issue a permanent injunction.

Tuthill asserts that the Court of Appeals' decision to remand the case to the trial court was error, and the entry of a permanent injunction was proper.

Upon consideration of the UTSA, the Court of Appeals determined that it was incumbent upon the trier of fact to decide whether the appropriate circumstances exist which would justify the imposition of a permanent injunction. They found that if the circumstances do not exist, the trial court should have determined how long Tuthill's trade secrets would continue to exist and the length of time Tuthill is entitled to injunctive relief.

■ In this case, the application of the statute is a moot question. The statute in question merely articulates the common law as it would apply to a so-called permanent injunction. Therefore it is unnecessary at this time to determine the applicability of the statute to the case at bar.

■ As Judge Garrard points out in his dissenting opinion, much confusion arises out of the use of the terms "temporary," "preliminary," "perpetual," and "permanent" when describing injunctions. Judge

Garrard also observes that, in one sense of the word, there is no such thing as a "permanent" injunction in that a trial court maintains jurisdiction to modify or revoke an injunction as circumstances may dictate. He cites 42 Am.Jur.2d *Injunctions* § 324, 324–25.

The trial court did not err in enjoining Wolfe for the time being. Under the common law, the matter remains *in fieri* during the entire time the injunction is in force, and if at any time Wolfe has evidence which would justify the lifting of the injunction, the court should entertain a petition and hear such evidence.

We affirm the decision of the trial court.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.